■ JAMES REILLY et al., Respondents, v PAUL N. PRENTICE, Appellant.—In an action, *inter alia,* to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), entered December 17, 1986, which denied his motion pursuant to CPLR 3211 (a) (7) to dismiss 10 of the 18 causes of action in the complaint.

Ordered that the order is affirmed, with costs.

By complaint dated June 8, 1983, the plaintiff, a corporation involved in the treatment of water and its president, set forth 18 causes of action against the defendant, a property owner over whose land the plaintiffs have a right-of-way. The first eight causes of action asserted in the complaint sound in defamation and the remainder allege malicious prosecution, abuse of process, intentional infliction of emotional harm, tortious interference with contract and wrongful interference with the plaintiffs' right-of-way over the defendant's property. Prior to joinder of issue, the defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the causes of action sounding in defamation for failure to state a claim upon which relief could be granted. By order entered January 6, 1984 (Jiudice, J.), that motion was denied. No appeal was taken from that determination. The defendant served an answer, and after discovery, made a second motion pursuant to CPLR 3211 (a) (7) to dismiss the causes of action relative to defamation and tortious interference with contract. The court (Hillery, J.) denied the motion.

Under these circumstances, pursuant to CPLR 3211 (e), only one motion to dismiss pursuant to CPLR 3211 (a) (7) may be

made. Although the courts are empowered to treat a motion to dismiss as one for summary judgment, this power is discretionary and not mandatory and must be exercised on notice to the parties *(see,* CPLR 3211 [c]; *McLearn v Cowen & Co.,* 60 NY2d 686). As the court herein elected not to treat the defendant's second motion to dismiss as one for summary judgment we decline to rule on this matter. However, this does not bar the defendant from moving for summary judgment pursuant to CPLR 3212 *(see, Rich v Lefkovits,* 56 NY2d 276). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.