■ ANSONIA ASSOCIATES, Respondent, v ANSONIA TENANTS COALITION, Appellant.—Order, Supreme Court, New York County (Herman Cahn, J.), entered April 13, 1989, which granted defendant-appellant's motion to renew and, upon renewal, adhered to the court's prior order entered June 15, 1988, unanimously affirmed, without costs. The appeal from the order of said court entered June 15, 1988 is dismissed as superseded by the appeal from the order of April 13, 1989, without costs.

Defendant-appellant, Ansonia Tenants Coalition, has yet to prove that plaintiff-respondent landlord is not entitled to the rents which appellant has received from Ansonia tenants in connection with their "rent strike". Until such time as appellant establishes that its right to these funds is superior to that of respondent landlord, appellant has a fiduciary obligation to preserve the funds pendente lite *(Ansonia Assocs. v Ansonia Residents' Assn.,* 78 AD2d 211, 218 [1st Dept 1980]). Consequently, the order of June 15, 1988, which directed appellant to account for the moneys collected from the tenants "including but not limited to interest thereon", to provide bank statements and two-sided copies of all checks drawn on accounts in which the collected funds were deposited, should be affirmed. The relief therein is necessary, particularly in light of the information provided by appellant indicating substantial withdrawals from the accounts after the temporary restraining order forbidding appellant to disburse said funds had been entered. The fact that appellant may have commingled rent moneys with its membership fees and other receipts cannot defeat respondent's right to protect its security in the event respondent prevails. Concur—Kupferman, J. P., Carro, Asch, Kassal and Rosenberger, JJ.