■ In the Matter of ANSONIA ASSOCIATES, Appellant-Respon-
dent, v STATE DIVISION OF HOUSING AND COMMUNITY RE-
NEWAL, OFFICE OF RENT ADMINISTRATION, Respondent-Appel-
lant. In the Matter of ANSONIA RESIDENTS' ASSOCIATION, INC.,
et al., Appellants-Respondents, v NEW YORK STATE DIVISION
OF HOUSING AND COMMUNITY RENEWAL, Respondent-Appel-
lant. In the Matter of THOMAS SOJA, Appellant-Respondent, v
NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RE-
NEWAL, Respondent-Appellant.—Order and judgment (one pa-
per) of the Supreme Court, New York County (Kristin Booth
Glen, J.), entered October 25, 1988, which, *inter alia,* denied
the CPLR article 78 petition of the landlord petitioner in its
entirety and granted, in part, article 78 petitions filed by two
tenant groups, to the extent of reversing the Division of
Housing and Community Renewal (DHCR) and holding that a
major capital improvement (MCI) rent increase does not be-
come a permanent part of the stabilized base rent and that
the landlord may not resubmit its application for an MCI rent
increase for electrical rewiring, unanimously modified, on the
law, the DHCR determinations that the MCI increases con-

tinue after the amortization period and that the landlord may resubmit its application for an MCI increase for electrical rewiring are reinstated, and as so modified, otherwise affirmed, without costs.

The continuing struggle between the tenants and the landlord of this rent-stabilized building, located on Broadway in Manhattan, has been before this court on a number of occasions. *(See, e.g., Ansonia Assocs. v Ansonia Residents' Assn., 78 AD2d 211; Ansonia Assocs. v Ansonia Tenants Coalition, 155 AD2d 359.)*

This appeal involves consolidated article 78 proceedings brought to review a DHCR determination disposing of petitions for administrative review (PARS) filed by the landlord and by the two tenant organizations that are parties to the current proceedings. All parties, including the DHCR, appealed from the various holdings made. The DHCR determined, *inter alia,* that an MCI increase could continue without limit as part of the stabilized base rent. The IAS court determined that such increase must abate after a five-year amortization. The DHCR also determined that the landlord's application for an increase based on electrical rewiring should be denied without prejudice to resubmission with its application to convert to individual electric metering. The IAS court held that it should have been denied *with* prejudice.

Among other things, the DHCR was upheld in its determinations that the landlord is not entitled to an MCI increase for waterproofing, but is entitled to one for a trash compactor and an elevator.

The question of whether an MCI increase becomes a permanent part of the stabilized base rent has just been determined in the landlord's favor in *Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal* (75 NY2d 206).

As to the issue of electrical rewiring, the tenants contended that it was done for the purpose of converting the building from a central electrical meter to individual meters for each apartment, so that the landlord could bill tenants for electrical service that had previously been provided without charge. The DHCR denied an MCI increase, but without prejudice to a renewal application to afford the landlord an opportunity to show that any rewiring was not connected with the process of individually metering apartments. This was a proper determination since, although the DHCR found that submetering was a primary purpose of the rewiring, it did not find that it was the sole purpose. Not even the tenants make that contention.

As to the landlord's contention that tenants who are renting on the basis of "free market" leases, not subject to rent stabilization, should also have to pay any MCI increases, the DHCR rejected this contention, the IAS court concurred, and we affirm. The cost of any major capital improvements could have been included by the landlord in the calculation of its free market rents, without limitation. Such charge should not be imposed upon free market tenants, but should be left for negotiation between the landlord and such tenants. Concur—Kupferman, J. P., Milonas, Kassal and Rubin, JJ. *[See,* 141 Misc 2d 224.]