■ ANSONIA ASSOCIATES, Appellant, v ANSONIA TENANTS COALITION, Respondent.—Decision and order, Supreme Court, New York County (David B. Saxe, J.), which denied that part of plaintiff's motion which sought to clarify a prior court order and to bar defendant from paying out any of the monies held in escrow, unanimously reversed, on the law, the facts and in the exercise of discretion, and plaintiff's motion for clarification granted to the extent of resettling the order entered April 10, 1987, so as to enjoin defendant from withdrawing or disbursing any of the monies currently held in escrow, with costs.

Plaintiff Ansonia Associates ("Ansonia") appeals, as limited

by its brief, from that part of an order of Supreme Court which denied the respective portion of its motion seeking to clarify a prior court and to bar defendant Ansonia Tenants Coalition ("ATC") from paying out any monies held in escrow. We should note that this appeal is but another chapter in the seemingly never-ending saga of the Ansonia Hotel, which is at this point, notorious in legal circles. (See, e.g., Ansonia Assocs. v Consiglio, 163 AD2d 98, 99 [1st Dept 1990].)

In this episode, Ansonia sought to "clarify" the terms of an order dated April 10, 1987, of the same court, but signed by another Justice. That order enjoined ATC from "paying out any of the * * * money currently in escrow" but did not specify that defendant "could not pay out interest earned on the escrowed funds." The court in the instant decision went on to state that "were [it] being presented with the injunction motion now for the first time in the litigation, I would conclude that as a matter of law the defendant should properly be enjoined from disbursing the interest earned from the escrowed funds particularly in view of subsequent statements by the Appellate Division in this case." (See, Ansonia Assocs. v Ansonia Tenants Coalition, 155 AD2d 359 [emphasis added].) However the court concluded that it could not "properly" alter the prior order of the court and, accordingly, denied the motion.

Because we believe, contrary to the opinion of the IAS court, that the relief which Ansonia seeks may properly be granted procedurally on the motion to resettle the prior order, we reverse. It is well settled law in this Department that a motion for resettlement is a procedural vehicle by which errors may be corrected or clarification made. (Foley v Roche, 68 AD2d 558, 566 [1st Dept 1979].) In the case at bar either basis is satisfied.

The record reflects both that there is an error in the settled order of April 10, 1987, and a need for clarification given that the court's order is not in conformity with its decision. While the court signed ATC's proposed order, which barred "paying out any of the rent money currently in escrow," in fact Ansonia's proposed order to enjoin ATC from "paying out any of the money currently held in escrow" tracked the language contained in the decision of the court. We regard this as an inadvertent act by the court. In this regard, where there is a conflict between the decision and order, the decision is controlling. (Di Prospero v Ford Motor Co., 105 AD2d 479 [3d Dept 1984].)

Furthermore, clarification is required in view of the fact

that ATC later interpreted the order as permitting the withdrawal of interest. This does not comport with our reading of the subject order and, we believe, is not what the courts intended.

We parenthetically observe that the court was indeed empowered to correct the errors in issue and to clarify the subject order. *(See, People v Minaya,* 54 NY2d 360, 364 [1981].) We also note that contrary to ATC's claim, there is no specific time limit for a motion to resettle. *(See, Di Prospero v Ford Motor Co.,* 105 AD2d, *supra,* at 480.) the IAS court, recognizing the problem but believing itself constrained and unable to resolve the matter, did not resettle the order; however, we grant plaintiff's motion insofar as it sought clarification to the extent of resettling the order entered April 10, 1987 so as to enjoin ATC from withdrawing or disbursing any of the monies currently held in escrow. Concur—Kupferman, J. P., Carro, Asch and Smith, JJ.