■ In the Matter of CARL PETERSON et al., Appellants, v MARY JO BANE, as Commissioner of the Department of Social Services, et al., Respondents. [599 NYS2d 686] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Smyk, J.), entered January 9, 1992 in Broome County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition for failure to state a cause of action.

Between July 1, 1982 and October 26, 1986, petitioners received public assistance through the Niagara County Department of Social Services (hereinafter Niagara DSS). In February 1984 they received $2,928 as a lump-sum Social Security disability check for their son, which made them ineligible for public assistance for the four-month period from February 1984 through May 1984. Inadvertently, the Niagara DSS continued to send public assistance checks totaling

$1,855.67 and $891.84 for medical assistance. Additional overpayments were made in 1986 which resulted in the total overpayment, after partial recoupment of $657, of $2,398.65. After petitioners had moved to Kansas in 1989, the Niagara DSS recovered a default judgment against them on July 25, 1989 in the sum of $3,019.33. Petitioners subsequently returned to this State, moved to Broome County and again began to receive public assistance. In letters dated July 23, 1990 and September 21, 1990, the Niagara DSS notified the Broome County Department of Social Services (hereinafter Broome DSS) of its judgment and requested the Broome DSS to commence recoupment from petitioners. On February 12, 1991, the Broome DSS complied with the request and gave notice to petitioners that recoupment of $1,855.67 would commence April 1, 1991 at the rate of $47 monthly for 41 months and $43.57 on the 42d month. Following a fair hearing, respondent State Commissioner of Social Services (hereinafter the Commissioner) rejected petitioners' contention that in securing a judgment against them, the Niagara DSS had elected an alternate remedy, thereby barring the instant remedy of recoupment. The Commissioner did find, however, that the amount of overpayment subject to recoupment had been incorrectly calculated and remanded the matter to the Broome DSS for recomputation, excluding any sums claimed as the result of payments made for medical assistance, and that petitioners be advised in writing of the recomputation and a new notice of intent be given to them.

Petitioners thereafter commenced this CPLR article 78 proceeding seeking annulment of the Commissioner's determination. Supreme Court granted respondents' motion to dismiss the petition on the ground that it failed to state a cause of action upon which relief could be granted. This appeal from the judgment ensued.

The dispositive issue on this appeal is whether the reduction of the claim to judgment form constituted an election of remedies which served to bar recoupment from future public assistance funds paid to petitioners. We think not and therefore affirm.

The doctrine of election of remedies is only applicable when the choice which has been exercised proceeds upon a claim that is irreconcilable with another right *(see, Smith v Kirkpatrick,* 305 NY 66, 73). Put in other words, the cause of action pursued cannot be so inconsistent with an alternative cause of action as to be irreconcilable. That situation does not exist here. Social Services Law § 106-b requires the Commissioner

to "take all necessary steps to correct any overpayment". The implementing regulations provide for recovery by appropriate legal action against resources of those who no longer are recipients of public assistance (see, 18 NYCRR 352.31 [d] [5]) and also provide that if a recipient moves to a new district, recoupment may be made by the new district out of assistance received (see, 18 NYCRR 352.31 [d] [6]). Thus, when petitioners moved out of New York and no longer received assistance, a lawsuit against them was appropriate and, when they returned to New York and resumed receipt of public assistance, recoupment was the proper procedure. Both remedies were proper and neither was inconsistent or irreconcilable with the other (see, *Marine Midland Bank v Lake Huntington Dev. Group,* 185 AD2d 395, 396; *Matter of England v Commissioner of Educ. of State of N. Y.,* 169 AD2d 868, 870, *lv dismissed, lv denied* 77 NY2d 956).

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.