■ MARY B. WASHINGTON et al., Appellants-Respondents, v HERMAN FUCHS et al., Respondents-Appellants, et al., Defendant. [665 NYS2d 306] —In an action pursuant to RPAPL article 15 to determine title to real property, the plaintiffs appeal from so much of a resettled judgment of the Supreme Court, Orange County (Owen, J.), entered July 12, 1996, as declared that the defendants Herman Fuchs and Mina Lee Fuchs were entitled to an easement over the disputed property, and the defendants Herman Fuchs and Mina Lee Fuchs cross-appeal from so much of the same resettled judgment as granted the plaintiffs title to the disputed property.

Ordered that the cross appeal from the resettled judgment is dismissed, without costs or disbursements, for failure to perfect same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the resettled judgment is affirmed insofar as appealed from, without costs or disbursements.

The court properly granted the defendants' motion to resettle the judgment to declare that they had an easement over the paved driveway on the disputed property. A motion to resettle is the appropriate procedural vehicle to correct an inadvertent omission so as to conform the judgment with the court's original decision (*see, Ansonia Assocs. v Ansonia Tenant's Coalition,* 171 AD2d 411, 412; *Breslow v Solomon,* 105 AD2d 824; *Di Prospero v Ford Motor Co.,* 105 AD2d 479; *see also, Matter of Calm Lake Dev. v Town Bd.,* 213 AD2d 979, 980). There is no specific time limit within which a party must make a motion to resettle (*see, Ansonia Assocs. v Ansonia Tenant's Coalition, supra,* at 413; *Di Prospero v Ford Motor Co., supra,* at 480).

The plaintiffs had originally opposed the motion to resettle on procedural grounds, but thereafter opposed entry of the resettled judgment on the ground that the defendants had failed to establish their entitlement to prescriptive rights. Our review of the record reveals that at trial, there was conflicting testimony as to whether the defendants' use of the driveway was permissive. It is well settled that issues of credibility are properly determined by the trier of fact and its decision will not be disturbed on appeal where it is supported by a fair interpretation of the evidence (*see, DiSalvo v Ordway,* 208 AD2d

798). Accordingly, we decline to disturb the trial court's finding that the evidence was sufficient to establish a limited right of ingress and egress over the disputed property in favor of the defendants (*see, Borruso v Morreale,* 129 AD2d 604, 605).

The plaintiffs' remaining contentions are without merit. Miller, J. P., Pizzuto, Altman and Goldstein, JJ., concur.