■ In the Matter of City of Syracuse, Appellant, v Fitch Street Properties, LLC, Respondent. [895 NYS2d 891]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered November 5, 2008 in a proceeding pursuant to CPLR article 78. The judgment denied that part of the petition seeking to compel respondent to correct specified violations of petitioner's Property Conservation Code and specified violations of the Multiple Residence Law.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the petition is granted in its entirety and respondent is directed to correct the violations of Property Conservation Code (Revised General Ordinances of City of Syracuse) § 27-33 (e) (1), (2); § 27-42 (a); and § 27-45 (a)-(c) and the violations of Multiple Residence Law §§ 30, 31, 52 and 58 at the premises located at 256 Fitch Street in the City of Syracuse forthwith.

Memorandum: Petitioner appeals from a judgment pursuant to CPLR article 78 denying that part of its petition seeking to compel respondent to correct specified violations of petitioner's Property Conservation Code (Code) as well as specified violations of the Multiple Residence Law on property owned by respondent. Respondent did not file an answer or otherwise appear in this proceeding. Supreme Court granted that part of the petition seeking a money judgment for civil penalties in accordance with the Code but thereafter refused to compel respondent to correct the violations on the ground that the election of remedies doctrine precluded such relief. We conclude that the court erred in relying on that doctrine. The doctrine "is only applicable when the choice which has been exercised proceeds upon a claim that is irreconcilable with another right . . . Put in other words, the cause of action pursued cannot be so inconsistent with an alternative cause of action as to be irreconcilable" (*Matter of Peterson v Bane*, 194 AD2d 1001, 1002 [1993]). Here, "[b]oth remedies were proper and neither was inconsistent or irreconcilable with the other" (*id.* at 1003; *see generally Judnick Realty Corp. v 32 W. 32nd St. Corp.*, 61 NY2d 819, 823 [1984]; *Camperlino & Fatti Bldrs. v Dimovich Constr. Corp.*, 175 AD2d 595 [1991], *lv dismissed* 79 NY2d 851 [1992]). General City Law § 20 (22) expressly provides in relevant part that a city has the authority "to maintain an action or special proceeding in a court of competent jurisdiction to compel compliance with . . . any . . . ordinance or local law, *notwithstanding that a penalty, forfeiture and/or imprisonment may have been provided to punish violations thereof*" (emphasis added). Thus, the civil penalties did not relieve respondent of its obligation to correct the violations. Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.