■ JUDITH W. BAILEY, Individually and as Executor of RICHARD BAILEY, Deceased, et al., Respondents, v PEERSTATE EQUITY FUND, L.P., et al., Appellants. [7 NYS3d 142]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Nassau County (Driscoll, J.), dated February 4, 2013, which denied those branches of their motion pursuant to CPLR 3211 (a) which were to dismiss the first and fourth causes of action in the amended complaint, and the second, third, and fifth causes of action in the amended complaint insofar as asserted by Judith W. Bailey, individually, and Judith W. Bailey, as the executor of the estate of Richard Bailey.

Ordered that the order is affirmed, with costs.

CPLR 3211 (e) provides, in relevant part, that at any time before service of a responsive pleading is required, a party may move to dismiss a pleading "on one or more of the grounds set

forth" in CPLR 3211 (a), and that "no more than one such motion shall be permitted." Accordingly, this "single motion rule prohibits parties from making successive motions to dismiss a pleading" pursuant to CPLR 3211 (a) (*Ramos v City of New York*, 51 AD3d 753, 754 [2008]; *see* CPLR 3211 [e]; *Held v Kaufman*, 91 NY2d 425, 430 [1998]; *Swift v New York Med. Coll.*, 48 AD3d 671, 671 [2008]; *B.S.L. One Owners Corp. v Key Intl. Mfg.*, 225 AD2d 643, 644 [1996]). The rule bars both repetitive motions to dismiss a pleading pursuant CPLR 3211 (a), as well as subsequent motions to dismiss that pleading pursuant to CPLR 3211 (a) that are based on alternative grounds (*see McLearn v Cowen & Co.*, 60 NY2d 686, 689 [1983]; *Ultramar Energy v Chase Manhattan Bank*, 191 AD2d 86, 88 [1993]; *Reilly v Prentice*, 141 AD2d 520, 520-521 [1988]). Here, the defendants previously moved pursuant to CPLR 3211 (a) to dismiss the original complaint on the grounds that documentary evidence established a complete defense to the action (*see* CPLR 3211 [a] [1]), that the action was time-barred (*see* CPLR 3211 [a] [5]), and that the complaint failed to state a cause of action (*see* CPLR 3211 [a] [7]). The Supreme Court denied those branches of that motion which were to dismiss the causes of action to recover damages for breach of fiduciary duty and gross negligence and, upon renewal, denied those branches of the motion which were to dismiss the fraud and unjust enrichment causes of action. The common-law negligence cause of action, which was asserted in the amended complaint as the fourth cause of action, was the only one of the five causes of action asserted in the amended complaint that was not substantially identical to a cause of action asserted in the original complaint. Accordingly, those branches of the defendants' motion which were to dismiss the first, second, third, and fifth causes of action in the amended complaint were procedurally barred by the single-motion rule, and were properly denied (*see* CPLR 3211 [e]; *McLearn v Cowen & Co.*, 60 NY2d at 689; *B.S.L. One Owners Corp. v Key Intl. Mfg.*, 225 AD2d at 644).

In moving to dismiss the original complaint by relying upon New York law, and in obtaining the dismissal of several causes of action based upon the application of New York law, the defendants have chosen their strategy, and are deemed to have consented to the application of New York law to our consideration of that branch of their motion which was to dismiss the common-law negligence cause of action in the amended complaint (*see Cousins v Instrument Flyers*, 44 NY2d 698, 700 [1978]; *Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Greer v Ferrizz*, 118 AD2d 536, 538 [1986]). Upon applying New York law to that issue, we conclude that the Supreme Court properly

denied that branch of the defendants' motion which sought to dismiss the common-law negligence cause of action on the grounds that it was time-barred and was barred by the doctrines of waiver and election of remedies, and that documentary evidence established a complete defense to that cause of action.

To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired. Only then does the burden shift to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether it actually commenced the action or interposed the subject cause of action within the applicable limitations period (*see J.A. Lee Elec., Inc. v City of New York*, 119 AD3d 652, 653 [2014]; *Reid v Incorporated Vil. of Floral Park*, 107 AD3d 777, 778 [2013]; *Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2011]). Here, the defendants failed to meet their initial burden of demonstrating, prima facie, that the common-law negligence cause of action, as set forth in the amended complaint, was not timely interposed (*see* CPLR 203 [f]; *Congregation B'nai Jehuda v Hiyee Realty Corp.*, 35 AD3d 311, 313 [2006]; *see also Bray v Cox*, 38 NY2d 350 [1976]).

"A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted only if the 'documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Fontanetta v John Doe 1*, 73 AD3d 78, 83-84 [2010], quoting *Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383, 383 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *J.A. Lee Elec., Inc. v City of New York*, 119 AD3d at 653). In support of that branch of their motion, the defendants submitted an amended and restated limited partnership agreement executed by the plaintiff Judith W. Bailey (hereinafter Judith), her decedent Richard Bailey (hereinafter Richard), and her decedent Suzanne Bailey, and copies of federal income tax returns filed by Judith and Richard, contending that those documents conclusively dispose of the common-law negligence cause of action. We disagree.

Contrary to the defendants' contention, the exculpatory clause in the subject amended and restated limited partnership agreement did not clearly and unequivocally insulate the defendants from liability for their own negligent acts and, thus, the agreement does not bar or conclusively dispose of a cause of action alleging that the defendants' negligent conduct caused

or contributed to the plaintiffs' damages (*see Gross v Sweet*, 49 NY2d 102, 107-108 [1979]; *Glenn v Annunziata*, 72 AD3d 886, 887-888 [2010]; *Trummer v Niewisch*, 17 AD3d 349, 349-350 [2005]; *Conteh v Majestic Farms*, 292 AD2d 485, 486 [2002]).

With respect to the tax returns, the defendants contend that the common-law negligence cause of action is barred because Judith, and Richard while alive, elected to take a deduction from their taxable income under the safe harbor provisions of IRS Revenue Procedure 2009-20 for losses they incurred as victims of a Ponzi scheme, and that Judith and Richard did so in an improper fashion. The defendants argue that the deduction constituted an election of remedies and a waiver of these plaintiffs' right to seek the recovery of those losses from third parties. To establish a waiver, a defendant must demonstrate that the plaintiff voluntarily and intentionally relinquished a known right with both knowledge of its existence and an intention to relinquish it (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 452 [1993]; *Werking v Amity Estates*, 2 NY2d 43, 52 [1956]; *Stassa v Stassa*, 73 AD3d 1157, 1158 [2010]). The doctrine of election of remedies is only applicable when the choice that was exercised proceeds upon a claim that is irreconcilable with the cause of action that is being pursued (*see Matter of City of Syracuse v Fitch St. Props., LLC*, 71 AD3d 1388, 1389 [2010]; *Matter of Peterson v Bane*, 194 AD2d 1001, 1002 [1993]). The defendants failed to establish that the employment by Judith and Richard of the safe harbor provisions of IRS Revenue Procedure 2009-20, whether accomplished in an improper fashion or not, effected a voluntary and intentional relinquishment of a known right or was so inconsistent with the common-law negligence cause of action as to be irreconcilable with it. Hence, the documentary evidence relied upon by the defendants did not conclusively dispose of that cause of action, as it does not reflect a waiver or an election of remedies (*see generally Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]; *American Woolen Co. of N.Y. v Samuelsohn*, 226 NY 61, 66 [1919]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court correctly denied those branches of the defendants' motion pursuant to CPLR 3211 (a) which were to dismiss the first and fourth causes of action in the amended complaint, and the second, third, and fifth causes of action in the amended complaint insofar as asserted by Judith W. Bailey, individually, and Judith W. Bailey, as the executor of the estate of Richard Bailey. Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.