■ EDITH WIENER, an Individual Partner of ABSAR REALTY COMPANY, Plaintiff, v LAURA SPAHN, Respondent, and 3900 GREYSTONE ASSOCIATES LLC, Appellant. EDITH WIENER, an Individual Partner of ABSAR-GERARD ASSOCIATIONS, Plaintiff, v LAURA SPAHN, Respondent, and CHAIM SCHWEID, Appellant. CHAIM SCHWEID et al., Respondents, et al., Plaintiff, v LAURA SPAHN, Appellant. [3 NYS3d 571]—Order, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered on or about August 21, 2013, which, in action Nos. 1 and 2, granted defendant Laura Spahn's motion to resettle a prior settled order to the extent of directing the deletion of the provision in the prior order that required Spahn to return to defendants Chaim Schweid and 3900 Greystone Associates LLC the purchase prices paid for interests in Spahn's property after the sales were set aside by the court, unanimously affirmed, without costs. Order, same court, (John A. Barone, J.), entered July 24, 2014, which, in action No. 3, denied the motion of defendant Spahn to dismiss the complaint, unanimously affirmed, without costs.

In action Nos. 1 and 2, the court properly granted the motion for resettlement to rectify the discrepancy between the court's decision after trial and the prior settled order (see Ansonia Assoc. v Ansonia Tenants Coalition, 171 AD2d 411 [1st Dept 1991]). The inclusion of a provision in the settled order for the return of the sales price to the purchasers, defendants Schweid and Greystone, went beyond the court's award.

The court properly denied Spahn's motion to dismiss the complaint in action No. 3. Spahn failed to establish, at this stage of the proceedings, that plaintiffs were barred by the subject agreements from seeking the return of their purchase prices.

We have considered the remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Clark, JJ.