■ AWARDS.COM, LLC, et al., Appellants, v KINKO'S, INC., Respondent. [38 NYS3d 889]—

Appeal from judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered March 23, 2015, awarding defendant a principal sum of money against plaintiffs, deemed

appeal from judgment, same court and Justice, entered August 27, 2015 (CPLR 5520), awarding defendant a sum of money including interest against plaintiffs, and, so considered, said judgment unanimously reversed, on the law, without costs, and the matter remanded for entry of a resettled judgment in accordance herewith.

Plaintiffs' motion to resettle judgment should have been granted to allow for entry of judgment consistent with both the stipulated order and judgment entered February 10, 2009, directing entry of judgment for defendant as against plaintiff Inspire Someone, LLC, only, and the order entered June 4, 2014, which confirmed a referee's report recommending the amount of defendant's recoverable legal fees (*see Ansonia Assoc. v Ansonia Tenants Coalition*, 171 AD2d 411 [1st Dept 1991]).

Contrary to defendant's contention, plaintiffs did not waive their appellate objections. While in some of the briefing they referred to themselves collectively as "Awards," there is no evidence that plaintiffs voluntarily and intentionally agreed that plaintiff Awards.com, LLC would indemnify defendant for legal fees (*see Bailey v Peerstate Equity Fund, L.P.*, 126 AD3d 738, 741 [2d Dept 2015]).

Nor is the doctrine of judicial estoppel applicable, since plaintiffs have not asserted in any prior proceeding that they are the same legal entity or that Awards.com had assumed Inspire Someone's liability under the indemnification agreement with defendant (*see Becerril v City of N.Y. Dept. of Health & Mental Hygiene*, 110 AD3d 517, 519 [1st Dept 2013], *lv denied* 23 NY3d 905 [2014]). Concur—Friedman, J.P., Richter, Feinman, Kapnick and Kahn, JJ.