(December 30, 2016)

■ In the Matter of DAVID EVANS et al., Appellants, v BOARD OF EDUCATION OF HEMPSTEAD UNION FREE SCHOOL DISTRICT et al., Respondents. [44 NYS3d 507]—

In a proceeding pursuant to CPLR article 78, inter alia, to annul three determinations of the respondent Board of Education of the Hempstead Union Free School District dated April 18, 2013, terminating the probationary employment of the petitioners David Evans, Helisse Palmore, and James Thomas as school principals, and to direct the respondents to reinstate the employment of those petitioners with back pay and benefits, the petitioners appeal from an order of the Supreme Court, Nassau County (Janowitz, J.), entered June 18, 2014, which denied the petitioners' motion to direct the respondents to reinstate the employment of the petitioners David Evans, Helisse Palmore, and James Thomas, with back pay and benefits.

Ordered that the order entered June 18, 2014, is affirmed, with costs.

In three determinations dated April 18, 2013, the respondent Board of Education of the Hempstead Union Free School District terminated the probationary employment of the petitioners David Evans, Helisse Palmore, and James Thomas

as school principals within the Hempstead Union Free School District. The petitioners subsequently commenced this proceeding pursuant to CPLR article 78, inter alia, to annul those determinations and to direct the respondents to reinstate the employment of Evans, Palmore, and Thomas, with back pay and benefits. In an order and judgment (one paper) entered March 26, 2014, the Supreme Court found that the respondents had failed to comply with Education Law § 3012-c, which requires the consideration of "annual professional performance reviews" as a "significant factor [in] employment decisions" (Education Law § 3012-c [1]). In the order and judgment, the Supreme Court granted that branch of the petition which was to annul the three determinations, but denied "all other relief sought" in the petition.

Thereafter, the petitioners moved for an order "directing the Respondents to reinstate David Evans, Helisse Palmore and James Thomas, with full back pay and all related benefits." The petitioners argued that such an order was required to carry out the plain meaning and intention of the order and judgment. In the order appealed from, the Supreme Court noted that in the order and judgment, it had denied all other requests for relief in the petition, including the request to compel the respondents to reinstate the employment of Evans, Palmore, and Thomas, with back pay and benefits. In the order appealed from, the Supreme Court further determined that the motion was, in effect, a motion pursuant to CPLR 2221 for leave to reargue those branches of the petition which were to direct the respondents to reinstate the employment of Evans, Palmore, and Thomas, with back pay and benefits, and denied the motion as untimely. The petitioners appeal, contending that their motion was not a motion for leave to reargue, but was a motion pursuant to CPLR 5019 (a) to resettle the order and judgment, noting that there is no specific time limit within which a party must make a motion to resettle (*see Washington v Fuchs*, 243 AD2d 707 [1997]).

As the petitioners correctly contend, the Supreme Court incorrectly construed the petitioners' motion as a motion pursuant to CPLR 2221 for leave to reargue. However, to the extent that the petitioners' motion could be construed as a motion pursuant to CPLR 5019 (a) to resettle the order and judgment, "no appeal lies from an order denying resettlement of the substantive or decretal provisions of a prior order or judgment" (*County of Suffolk v Long Is. Power Auth.*, 100 AD3d 944, 944-945 [2012]; *see Carrano v Carrano*, 82 AD3d 1143 [2011]; *Braun v Edwards Trucking & Warehousing, Inc.*, 68 AD3d 699, 700

[2009])). To the extent that the petitioners' motion could be construed as a motion pursuant to CPLR 5015 (a) to vacate a portion of the order and judgment, the petitioners failed to demonstrate their entitlement to such relief. Accordingly, we affirm the order appealed from, albeit on different grounds than those articulated by the court. Chambers, J.P., Dickerson, Miller and Brathwaite Nelson, JJ., concur.