| **Dixon v City of New York** |
|:---:|
| 2024 NY Slip Op 30471(U) |
| February 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161050/2022 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:         **HON. HASA A. KINGO**

*Justice*

        PART         05M

----------------------------------------------------------------------------------X

POLLYANN DIXON,

        Plaintiff,

- v -

CITY OF NEW YORK, JOSEPH PROFETA

        Defendant.

----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161050/2022 |
| **MOTION DATE** | 02/27/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13

were read on this motion to/for                       DISMISSAL             .

        Defendants, namely the City of New York (referred to as the "City") and Joseph Profeta ("Profeta") (collectively identified as "defendants"), move, pursuant to CPLR to §§ 3211(a)(5) and (a)(7), to dismiss plaintiff Pollyann Dixon's complaint. The grounds for dismissal advanced by defendants are as follows: Firstly, that plaintiff's claims are, in part, time-barred; secondly, that plaintiff's complaint lacks the necessary elements to assert a valid race or gender discrimination and retaliation claim under the New York State Human Rights Law ("NYSHRL"); and thirdly, that plaintiff's complaint fails to meet the requisites for stating a claim concerning race, gender, or religious discrimination, retaliation, or a hostile work environment under the New York City Human Rights Law ("NYCHRL"). Plaintiff opposes defendants' motion, and cross-moves to amend the complaint.

## BACKGROUND

        Plaintiff, a former detective of the New York Police Department ("NYPD"), self-identifying as an African American Christian female, initially joined the NYPD as a police officer in 2006 (Compl., NYSCEF No. 1, at ¶ 6). In August 2015, plaintiff was promoted to detective 3rd Grade (*id*. at ¶ 12), and in 2016, she took maternity leave (*id*. at ¶ 13). Upon her return in 2017, the NYPD assigned her to Group 54 within the Internal Affairs Bureau ("IAB") where she investigated allegations of the use of force against members of service (*id*. at ¶ 14). Another maternity leave occurred in June 2019, with plaintiff returning in January 2020 (*id*. at ¶ 15).

        In January 2020, Profeta assumed the role of Group 54's Commanding Officer (*id*. at ¶ 16). Subsequently, the NYPD transferred plaintiff to the Friday/Saturday team, which she claims interfered with her childcare arrangements (*id*. at ¶ 17). There were instances of an unidentified employee threatening a change in assignment, but plaintiff ultimately retained her position (*id*. at ¶ 22). Later, plaintiff requested a transfer to the Records Unit, which was approved by the NYPD (*id*. at ¶¶ 23-24).

**161050/2022   DIXON, POLLYANN vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 1 of 8

1 of 8

Plaintiff asserts that she was informed by an unidentified employee that the transfer to the Records Unit could only occur after finding a replacement for her position and closing out her current caseload (*id*. at ¶¶ 24-25). In April 2021, plaintiff applied for a vacant position as a Civilian Complaint Review Board ("CCRB") liaison, claiming that she was informed she must close out her cases before the transfer (*id*. at ¶¶ 29-31). Allegedly, Profeta refused to consider applicants to fill plaintiff's current position (*id*. at ¶ 32).

In January 2021, plaintiff received a command discipline and a three-hour pay deduction for offenses such as switching her tour without notification, signing in late, and failure to obtain approval for overtime (*id*. at ¶¶ 34-35). Despite these challenges, plaintiff applied for a transfer to the Information Technology Bureau ("ITB") in July 2021 and eventually secured the position (*id*. at ¶¶ 44-46, 53).

Plaintiff contends that not receiving the promotion resulted in a lack of pay increase and greater overtime benefits (*id*. at ¶¶ 46-51). After sending an internal memorandum to Profeta for the transfer paperwork, plaintiff was allegedly told to close out her cases before the transfer (*id*. at ¶ 55). Plaintiff claims that the NYPD continued to assign her cases to hinder the closure of her caseload (*id*. at ¶ 56).

Further allegations include the NYPD assigning plaintiff to protest and Summer All Out details (*id*. at ¶ 58). On July 16, 2021, an unidentified employee purportedly informed plaintiff that she must withdraw her prior transfer request to the Records Room before submitting a subsequent transfer request (*id*. at ¶ 63). Plaintiff's request for an additional vacation day in July 2021 was denied by the NYPD (*id*. at ¶¶ 66-68).

At unspecified instances, the plaintiff complained of disparate treatment, contending that Profeta prevented her from altering her schedule (*id*. at ¶¶ 71-73). Plaintiff claims that Sergeant Acerno made a derogatory comment about being the only female in the unit, which she reported to the Office of Equal Employment Opportunity ("EEO") (*id*. at ¶ 75-76). Additionally, plaintiff informed the EEO Office of another black detective facing discrimination under Profeta's command (*id*. at ¶¶ 77-80). In December 2021, plaintiff met with Deputy Commissioner of Internal Affairs Joseph Reznick to complain of discriminatory treatment, specifically Profeta's refusal to sign her transfer documents (*id*. at ¶¶ 83-84). On December 7, 2021, the NYPD approved plaintiff's transfer request to the Records Unit (*id*. at ¶ 85). Plaintiff alleges that Profeta excluded her from a Group 54 photo at a Christmas party (*id*. at ¶¶ 86-91).

Plaintiff contends that despite her qualifications, the NYPD did not promote her to the 2nd-grade detective position, resulting in the loss of pay increase, overtime, and pension benefits (*id*. at ¶¶ 98-122). She also claims gender disparity within the police officer and detective population, citing past EEOC charges and findings from 2012 and 2013 (*id*. at ¶¶ 104-108, 125-136, 138-139, 140). In general terms, plaintiff alleges losing overtime, a night differential, receiving negative performance evaluations, disparate post assignments, and denial of specialized units (*id*. at ¶¶ 165, 179-180). Plaintiff also alleges that the NYPD allegedly failed to provide plaintiff with a patrol car during her tours, subjected her to threats at roll call, and sent her to Psychological Services (*id*. at ¶ 182).

**161050/2022  DIXON, POLLYANN vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 2 of 8

[* 2]

Lastly, in November 2021, plaintiff submitted a reasonable accommodation request for the COVID-19 vaccine requirement based on her religious beliefs (Christian), which the NYPD denied in January 2022 (*id*. at ¶¶ 187-191). In May 2021, the Department of Citywide Administrative Services denied plaintiff's second appeal, leading to her decision to resign from her employment in response (*id*. at ¶¶ 196, 207).

## DISCUSSION

On a CPLR §3211 (a)(5) motion to dismiss, "a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff" (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011]). Upon such a showing, "the burden shift[s] to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether it actually commenced the action or interposed the subject cause of action within the applicable limitations period" (*Bailey v Peerstate Equity Fund, L.P.*, 126 AD3d 738, 740 [2d Dept 2015]). "[P]laintiff's submissions in response to the motion must be given their most favorable intendment" (*Benn*, 82 AD3d at 548, *supra*).

Generally, the statute of limitations for claims brought under the NYSHRL and the NYCHRL is three years (*see* CPLR § 214 [2]; Administrative Code § 8-502 [d]).

To state a claim for employment dissemination under the NYSHRL, plaintiff must allege that: (2) plaintiff is a member of a protected class; (2) plaintiff was qualified to hold the position; (3) plaintiff suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination (*Ayers v Bloomberg, LP.*, 203 AD3d 872, 874 [2d Dept 2022]). "An adverse employment action requires a materially adverse change in the terms and conditions of employment" and "must be more disruptive than a mere inconvenience or an alteration of job responsibilities" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 306 [2004]). The elements of a discrimination claim under the NYCHRL largely mirror the foregoing, except that a plaintiff need not plead that plaintiff suffered an "adverse employment action," but only that plaintiff was "treated differently" (*Askin v Dept. of Educ. of the City of New York*, 110 AD3d 621, 622 [1st Dept 2013]).

Indeed, the NYCHRL (Administrative Code of the City of NY § 8-107 [1][a]) provides, in pertinent part: "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived ...age, race, ... gender, disability ... to discharge from employment such person or ... to discriminate against such person in compensation or in terms, conditions or privileges of employment." To establish a gender or race discrimination claim under the City Human Rights Law, a plaintiff need only demonstrate "by a preponderance of the evidence that she has been treated less well than other employees because of her gender [or race]" (*Williams v New York City Hous. Auth.*, 61 AD3d at 78; *Suri v Grey Global Group, Inc.*, 164 AD3d 108, 114 [1st Dept 2018]).

The NYCHRL must "be construed more broadly than federal civil rights laws and the State HRL" (*Williams v New York City Hous. Auth.*, 61 AD3d at 74 [1st Dept 2009]; *see Albunio v City*

**161050/2022   DIXON, POLLYANN vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 3 of 8**

3 of 8

*of New York*, 16 NY3d 472, 477-478 [2011]). Under the NYCHRL, a plaintiff need not show that the harassment was "severe and pervasive," but plaintiff must show that plaintiff was subjected to conduct that amounted to more than "petty slights and trivial inconveniences," because of plaintiff's membership in a protected category (*Williams v New York City Hous. Auth.*, 61 AD3d at 80, *supra*). The primary focus under the NYCHRL is on whether the alleged harassment "constitutes inferior terms and conditions based on gender [or race]" (*id.* at 75). Under either the NYSHRL or the NYCHRL, the plaintiff must demonstrate that the abusive conduct was motivated by animus toward a protected class (*see La Marca-Pagano v Dr. Steven Phillips, P.*C., 129 AD3d 918, 919-920 [2nd Dept 2015]; *see also Cadet-Legros v New York Univ. Hosp. Ctr.*, 135 AD3d 196, 204 n5 [1st Dept 2015]). A plaintiff's claim must be viewed holistically (*see Suri v Grey Global Group, Inc.*, 164 AD3d 108, 114 [1st Dept 2018]).

**A. Plaintiff's Claims Are Partially Time-Barred**

Here, plaintiff's NYSHRL and NYCHRL claims are partially time-barred by the three-year statute of limitations (*see Brown v. City of N.Y.*, 2019 N.Y. Slip Op 30565(U), *13 (Sup. Ct., N.Y. Cnty. 2019). Indeed, plaintiff filed the instant complaint on December 28, 2022. Therefore, any alleged conduct that occurred prior to December 28, 2019, including but not limited to any claims related to plaintiff's 2016 and 2018 pregnancies, are dismissed as untimely. Plaintiff advances no substantive factual dispute challenging defendants claims for partial dismissal on statute of limitations grounds. To be sure, plaintiff failed to respond to defendants' argument that the NYCHRL claims are partially time-barred by the three-year statute of limitations. Accordingly, the court finds that the claims are partially time-barred by the three-year statute of limitations.

**B. Plaintiff Cannot Recover Punitive Damages**

In addition, plaintiff may not recover punitive damages against the City under Section 8-502 because the statute lacks a provision that waives the City's common law immunity from such liability (*see Krohn v. N.Y. City Police Dep't*, 2 NY3d 329, 333 [2004]). Accordingly, plaintiff's claim for punitive damages is denied.

**C. Plaintiff's Complaint Fails to State a Discrimination Claim**

**I. Imputation of Discriminatory Conduct to the City of New York**

Plaintiff's discrimination claim fails in several material respects. First, plaintiff fails to plead sufficient allegations imputing any alleged discriminatory conduct to the City of New York. Specifically, the complaint lacks detail to support the claim that the named individual defendant, Profeta, held a managerial or supervisory position five ranks higher than plaintiff. The court notes that the complaint does not provide any information suggesting that Profeta had the authority to execute plaintiff's transfer, and it lacks allegations demonstrating Profeta's ownership interest or decision-making authority over other NYPD employees. Additionally, there is an absence of allegations indicating that the NYPD knew of the discriminatory conduct and failed to take appropriate corrective action. The court is not persuaded by plaintiff's assertion in opposition that the City should have known of the purported discriminatory conduct, particularly in light of the

**161050/2022  DIXON, POLLYANN vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 8**

4 of 8

corrective action taken by the NYPD in response to plaintiff's complaint to the Deputy Commissioner of Internal Affairs.

## II. Failure to State Discrimination Claims

### a. Section 8-107 Claims

In addition, plaintiff's complaint fails to adequately state the race, gender, or religious discrimination claims plaintiff is pursuing as plaintiff does not sufficiently allege that the alleged mistreatment is connected to those protected classes. The opposition's reliance on proposed amendments is inappropriate at this stage, and these proposed allegations merely reiterate the inadequacies of the original complaint. The conclusory assertions made by plaintiff regarding disparate treatment and adverse actions, such as denial of transfer opportunities and disciplinary actions, lack the necessary factual support. The court finds plaintiff's arguments unconvincing, as the alleged actions did not result in any adverse impact on plaintiff's terms and conditions of employment.

### b. Lack of Comparable Situations

The opposition also fails to identify similarly situated individuals and provide concrete factual allegations supporting the claim of discriminatory treatment. The court notes that plaintiff's citation to *Norville v. Staten Island University Hospital*, 96 F.3d 89, 95 (2d Cir.1999), is inapposite, as the complaint lacks specific allegations identifying comparators outside plaintiff's protected class who received more favorable treatment.

### c. Reasonable Accommodation Claim

To establish a prima facie case of failure to accommodate, a plaintiff must demonstrate that plaintiff has a disability, that the employer had notice of the disability, that plaintiff was able to perform plaintiff's job with reasonable accommodation, and that the employer refused to make a reasonable accommodation (*see Pimentel v Citibank, N.A*., 29 AD3d 141, 145 [1st Dept 2006]; *see also* Administrative Code § 8-102 [16] [a], [b] [1]; Executive Law § 292 [21]; *Jacobsen v New York City Health & Hosps. Corp*., 22 NY3d 824, 834 [2014]; *Vig v New York Hairspray Co., L.P*., 67 AD3d 140, 145 [1st Dept 2009]). Here, plaintiff's claim regarding the denial of a reasonable accommodation lacks sufficient detail to support a discrimination claim. The opposition introduces new allegations regarding plaintiff's appeal of the denied accommodation request, but these allegations were not raised in the original complaint and are therefore cannot be considered by the court at this stage. The court also finds plaintiff's conclusory assertion that other non-devout Christians were treated differently lacks factual support.

In light of the foregoing, the court finds that plaintiff's complaint fails to state viable discrimination claim premised on the refusal to make a reasonable accommodation.

### d. Failure to State a Hostile Work Environment Claim

**161050/2022   DIXON, POLLYANN vs. CITY OF NEW YORK ET AL**                    **Page 5 of 8**
**Motion No.  001**

5 of 8

As it relates to the plaintiff's claim alleging a hostile work environment, the court first observes that plaintiff has misapplied the hostile work environment standard typically employed in motions for summary judgment. To be sure, plaintiff erroneously relies on cases such as *Williams v. New York City Hous. Auth.*, 872 NYS2d 27 (1st Dept 2009), overlooking the First Department's determination that the comments in question were deemed insignificant petty slights or trivial inconveniences. Contrary to plaintiff's argument, *Williams* did not establish a hostile work environment. Moreover, plaintiff cites *Kwong v. City of New York*, 167 NYS3d 9, 12 (1st Dept 2022), and *Alshami v. City University of CUNY*, 162 NYS3d 720, 721 (1st Dept 2022), which are inapplicable as they involve repeated disparaging comments, unlike the present case where a single remark by a Sergeant is alleged.

A sole remark by a sergeant is insufficient to plausibly allege a hostile work environment under the CHRL, and legal precedent supports this assertion. Indeed, a single reprehensible statement is deemed inadequate to give rise to a hostile work environment, as established in *Spellman v. Gucci Am. Inc.*, 2015 NY Slip Op 31728(U), *11 (Sup. Ct., N.Y. Cnty. 2015). Plaintiff's conclusory statement that Profeta harbors a dislike for black women lacks supporting allegations demonstrating that any conduct was taken due to plaintiff's protected classes.

Plaintiff's opposition also makes general claims of unfounded discipline, exclusion from precinct events, denial of promotional opportunities, denial of overtime, performance monitoring, and denied transfers. However, these allegations are insufficient to withstand a motion to dismiss, as per *Marsh USA Inc. v. Hamby*, 958 N.Y.S.2d 61, 61 (Sup. Ct., N.Y. Cnty. 2010). To be sure, plaintiff's complaint lacks specific allegations indicating that Profeta excluded plaintiff from a group photo based on a protected class, and even if construed as humiliating, such incidents are insufficient to plead harassment (*Faraci v. New York State Office of Mental Health*, 2013 N.Y. Slip Op 32613[U], *12). The vague allegation that unidentified NYPD employees requested plaintiff to perform specific job responsibilities fails to establish a hostile work environment, as it does not affect the terms and conditions of plaintiff's employment (*Khail v. State of N.Y.*, 847 NYS2d 390, 396 [Sup. Ct., N.Y. Cnty. 2007]).

Ultimately, the hostile work environment claim falters due to the absence of sufficient allegations suggesting disparate treatment of plaintiff compared to similarly situated employees. As plaintiff's complaint fails to plausibly allege a hostile work environment, the claim is dismissed. Accordingly, this court finds that plaintiff's general, conclusory and bald assertion that plaintiff's work environment was rendered hostile by defendants is insufficient to make out a cognizable claim of hostile work environment. Plaintiff does not set forth facts tending to show abusive conduct motivated by animus toward plaintiff because plaintiff is a member of a protected class.

### e. Failure to State a Retaliation Claim

With respect to plaintiff's retaliation claim, the court notes that plaintiff proffers no arguments sufficient to rebut defendants' substantive arguments regarding the retaliation claim. To be sure, plaintiff fails to present a compelling rebuttal and instead merely reiterates the applicable standard. In contrast, defendants correctly underscore the fact that the complaint lacks a clear nexus between the accommodation requests made by plaintiff and any alleged retaliatory

**161050/2022   DIXON, POLLYANN vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 6 of 8**

6 of 8

[* 6]

actions that would dissuade someone from engaging in protected activity. Specifically, the complaint fails to specify when plaintiff submitted accommodation requests or when the purported retaliatory conduct occurred, a crucial factor in establishing a causal connection, as established in *Akinde v. New York City Health & Hosps. Corp.*, 92 NYS3d 883, 883 (1st Dept 2019).

Furthermore, the complaint lacks specific details regarding when plaintiff voiced complaints of discrimination. The generic assertion that plaintiff "complained about the disparate treatment she was receiving" lacks specificity and fails to provide a timeframe for these alleged complaints (*see Mamoon v. Dot Net Inc.*, 135 AD3d 656 [1st Dept 2016]). Likewise, plaintiff introduces, for the first time in opposition, an assertion that in January 2020, plaintiff sought a reasonable accommodation related to childcare arrangements. Subsequently, plaintiff claims that the NYPD subjected plaintiff to various adverse actions, such as unfounded discipline, exclusion from precinct events, denial of promotional opportunities, denied overtime, performance monitoring, and denied transfers to specialized units. However, plaintiff fails to provide specific dates or supporting details indicating that such actions were in response to plaintiff's protected activity, rendering these assertions insufficient (Compl., NYSCEF Dkt No. 11, at ¶¶ 22, 24-25). Any subsequent conduct allegedly occurred, at the earliest, eight months later, which, in the most liberal view, is inadequate to substantiate a claim of retaliation (*Miller v. N.Y.U.*, 2008 N.Y. Slip Op 33057[U], *27 [Sup. Ct. N.Y. Cnty. 2008]). Plaintiff further alleges in the complaint that in the first week of December 2021, plaintiff met with Deputy Commissioner of Internal Affairs Joseph Reznick to complain of discriminatory treatment, and subsequently, on December 7, 2021, the NYPD approved plaintiff's transfer request to the Records Unit. However, the complaint and opposition lack any dates or supporting details suggesting that these actions were in response to plaintiff's protected activity, and the deficiencies in this regard are fatal to plaintiff's retaliation claim.

In light of these deficiencies, plaintiff's retaliation claim is dismissed.

**D. Plaintiff's Motion for Leave to File an Amended Complaint**

Finally, the court denies plaintiff leave to file an amended complaint under CPLR § 3025(b). This statute mandates that motions to amend pleadings be accompanied by explicit delineations of alterations or additions within the proposed filings. Consequently, a mandatory requirement is placed upon the plaintiff to submit a proposed amended summons alongside the amended complaint, as noted in *Lezell v Forde*, 891 NYS.2d 606 (Sup. Ct. Kings Cnty. 2009), and further underscored by precedent set in *Bossung v. Rebaco Realty Holding Co., N.V.*, 92 NYS3d 636 (1st Dept 2019). In the absence of such requisite documentation, plaintiff's motion to amend is, by the dictates of the law, deficient.

Plaintiff's cross-motion only provides a proposed amended complaint, glaringly omitting the essential inclusion of a proposed amended summons, thus violating the statutory mandate under CPLR § 3025(b). Consequently, the court finds merit in the contention that plaintiff's motion to amend is intrinsically flawed, warranting dismissal on the grounds of procedural non-compliance.

**161050/2022   DIXON, POLLYANN vs. CITY OF NEW YORK ET AL**                                    **Page 7 of 8**
**Motion No.  001**

7 of 8

[* 7]

That said, even if this court were to entertain the proposed amended complaint in isolation, an inquiry into its substantive content reveals a dearth of remediation for the deficiencies embedded in the original complaint. Relying on the legal precedent established *in Desarrolladora Farallon S. de L. de C.V. v. Mexvalo, S. de R.L. de C.V.*, 44 NYS. 3d 902, 902 (1st Dept 2017), the court concludes that the proposed amendments are nothing more than conclusory assertions, bereft of the requisite detailed factual allegations to cure the initial shortcomings.

As articulated in *Model Serv., LLC v. MC2 Models Mgt., LLC*, 2015 N.Y. Slip Op 32454(U), *8 (Sup. Ct., N.Y. Cnty. 2015), the court emphasizes that conclusory assertions lacking factual specificity are insufficient to withstand a motion to dismiss. The proposed amendments here merely reiterate the allegations present in the original complaint, characterized by vague and conclusory assertions pertaining to discrimination, retaliation, and harassment. Considering the absence of significant new allegations, the court is compelled to concur with the precedent in *Stang LLC v. Hudson Square Hotel, LLC*, 2016 N.Y. Slip. Op. 32434(U), ¶¶ 39-40, which precludes leave to amend on the grounds of futility.

The proposed amendments, far from rectifying the deficiencies, merely duplicate the initial complaint's allegations, predicated on generalized and unsubstantiated claims. Consequently, the court is also persuaded by the rationale in *Yan Ping Xu v. City of N.Y.*, 2009 N.Y. Slip Op 32343(U), ¶ 4 (Sup. Ct. N.Y. Cnty. 2009), that denied a similar request.

The remaining allegations hinge on conclusory assertions, failing to provide specific factual underpinnings for claims of gender, race, and religious discrimination. The court finds that the proposed amended complaint lacks the essential elements to plausibly allege these claims. Furthermore, the dearth of specific dates crucial for establishing a discriminatory conduct timeline, as highlighted in *Pelepelin v. City of N.Y.*, 2019 N.Y. Slip Op 31597 (U), *10, further undermines the viability of the proposed amendments.

In conclusion, the Court, having examined Plaintiff's cross-motion, finds it procedurally defective and substantively inadequate to rectify the deficiencies identified in the original complaint. Accordingly, the cross-motion is denied. Based on the foregoing, it is hereby

ORDERED that defendants' motion to dismiss is granted in its entirety; and it is further

ORDERED that plaintiff's cross-motion is denied.

This constitutes the decision and order of the court.

| 2/13/2024 | |
| --- | --- |
| DATE | HASA A. KINGO, J.S.C. |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**161050/2022   DIXON, POLLYANN vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 8 of 8**

8 of 8

[* 8]