■ H.P.P. Ice Rink, Inc., Appellant, v New York Islanders, Respondent. [674 NYS2d 667] —Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered June 6, 1997, which, in an action for fraud and breach of contract, dismissed the complaint, unanimously reversed, on the law, and the judgment vacated. Order, same court and Justice, entered on or about March 24, 1997, which granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion insofar as it seeks dismissal of the contract cause of action, said cause of action reinstated, and otherwise affirmed, without costs.

Review of the record reveals that there are triable questions of fact as to whether defendant's remittance to plaintiff of a check for $22,000 and its involvement in meetings regarding the construction of the subject ice rinks, as well as its assisting plaintiff to finance the rinks, constituted partial performance " 'unequivocally referable' " to the oral partnership agreement alleged by plaintiff, and, as such, sufficient to take the alleged agreement out of the Statute of Frauds (*Anostario v Vicinanzo*, 59 NY2d 662, 664; *Pomeranz v Blodnick*, 162 AD2d 323, 325; *Adelman v Rackis*, 212 AD2d 559). We note in this connection

that, contrary to the motion court's finding, it is not at all clear that defendant's essential obligation under the alleged agreement was to act as a guarantor and, accordingly, that the court's dismissal of the contract cause for lack of a writing evidencing defendant's agreement to guarantee plaintiff's obligations (*see*, General Obligations Law § 5-701 [a] [2]) was in error. We agree, however, with the motion court that plaintiff's first cause of action for fraud was properly dismissed, since it was not pleaded with the requisite particularity and is without support in the record (*Greschler v Greschler*, 51 NY2d 368, 375; CPLR 3016 [b]). Concur—Sullivan, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.