■ ERIC BENN, Appellant, v STEFAN BENN et al., Respondents, et al., Defendant. [918 NYS2d 465]—

"On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff" (*Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2008] [citations omitted]). Further, plaintiff's submissions in response to the motion "must be given their most favorable intendment" (*Arrington v New York Times Co.*, 55 NY2d 433, 442 [1982], *cert denied* 459 US 1146 [1983]).

Plaintiff alleged that he and his brother, Stefan, had an oral agreement which provided that in exchange for money and labor, plaintiff would receive title to the subject condominium unit, and that plaintiff paid a sum of money and provided labor for the renovation of the building. In response to the motion,

plaintiff supplemented his complaint by averring that while he and Stefan argued over his shortfall of labor, they never disagreed whether plaintiff was entitled to ownership of the unit and only disputed how plaintiff should compensate Stefan for his insufficient contribution to the project. Plaintiff also stated that Bennco never held title to the apartment adversely until it transferred it to Stefan in 2004. Moreover, plaintiff maintained that prior to 2005 Stefan never stated that he would not deliver title to plaintiff and that plaintiff never demanded title until 2005.

Since plaintiff's claims are not based on Bennco wrongfully acquiring the apartment, but rather on defendants wrongfully refusing to transfer it to plaintiff, the statute of limitations began to run at the earliest in 2004, when Bennco transferred the deed to plaintiff's unit to Stefan, and at the latest when in 2005 plaintiff demanded title to his apartment and defendants refused (*see Morando v Morando*, 41 AD3d 559, 561 [2007]; *Maric Piping v Maric*, 271 AD2d 507, 508 [2000]). Indeed, the transfer of the title to Stefan was the only "identifiable, wrongful act" demonstrating Stefan's refusal to convey title to plaintiff (*Sitkowski v Petzing*, 175 AD2d 801, 802 [1991]).

There is no basis to conclude that the statute of limitations began to run in 1997, when defendants were legally able to convey the unit, especially since Bennco retained title to both plaintiff and Stefan's units until 2004, and such retention of title was not adverse to plaintiff. Further, we find that the reliance on e-mails written from plaintiff to Stefan in 2006 and 2007 was erroneous because the e-mails were ambiguous and did not expressly acknowledge that Stefan had refused to give plaintiff title to his apartment 10 years before the commencement of this action, as defendants claim. In fact, in construing the e-mails in a light most favorable to plaintiff, the conclusion to be drawn is that plaintiff was acknowledging that he and Stefan had been fighting over the value of his labor and not over whether or not plaintiff would receive title to the apartment.

To the extent the motion court found certain of the causes of action barred by the statute of frauds, we find that at a minimum, plaintiff's allegations raise triable issues of fact as to whether his behavior "constituted partial performance ' "unequivocally referable" ' " to the oral [agreement], and, as such, [are] sufficient to take the alleged agreement out of the Statute of Frauds" (*H.P.P. Ice Rink v New York Islanders*, 251 AD2d 249, 249 [1998] [citations omitted]).

On appeal, plaintiff does not seek relief from the dismissal of

the fourth cause of action. He also concedes that the eighth cause of action for unjust enrichment is duplicative of the breach of contract claim, and thus that claim is not reinstated (*see Cooper, Bamundo, Hecht & Longworth, LLP v Kuczinski*, 14 AD3d 644, 645 [2005]). Further, to the extent the fifth cause of action for conversion is reinstated, it is limited to the portion which alleged conversion of monies, since, as plaintiff acknowledges, " '[a]n action sounding in conversion does not lie where the property involved is real property' " (*see Dickinson v Igoni*, 76 AD3d 943, 945 [2010] [citations omitted]). Concur—Gonzalez, P.J., Tom, Acosta, Richter and Román, JJ. **[Prior Case History: 2009 NY Slip Op 33031(U).]**