R.M. v Archdiocese of N.Y. (2025 NY Slip Op 50576(U))

[*1]

R.M. v Archdiocese of N.Y.

2025 NY Slip Op 50576(U)

Decided on April 21, 2025

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 21, 2025
Supreme Court, New York County

R.M., Plaintiff,

against
Archdiocese of New York, FRANCISCAN MISSIONARY SISTERS OF THE SACRED HEART D/B/A FRANCISCAN SISTERS OF PEEKSKILL, Defendant.

Index No. 151125/2022

Plaintiff: R.M. by Jordan Merson, Esq., Merson Law, PLLC 
Defendant: Archdiocese of New York by Vincent W. Crowe, Esq., Bleakley Platt & Schmidt

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 were read on this motion to DISMISS.
Defendant Archdiocese of New York (hereinafter the "Archdiocese") moves this court, pursuant to CPLR § 3211(a)(5), for an order dismissing Plaintiff R. M.'s ("Plaintiff") complaint on the grounds that the claims asserted therein are time-barred under the applicable statute of limitations, specifically the Child Victims Act ("CVA"), CPLR § 214-g. Plaintiff opposes the motion, asserting that his claims were timely filed by operation of COVID-19 tolling executive orders and that he may additionally plead under the Victims of Gender-Motivated Violence Protection Law ("GMVPL").
BACKGROUND AND PROCEDURAL HISTORY
This action arises from allegations of sexual abuse committed against Plaintiff while he was a minor resident at St. Joseph's Home for Children in Peekskill, New York. Plaintiff contends that from approximately 1970, at the age of six, until around 1978, he was repeatedly sexually abused by priests, counselors, and specifically by an individual identified as George [*2]Kelly, all under the auspices of the Archdiocese and its agents. Plaintiff alleges that this abuse occurred while he was entrusted to the care of the Archdiocese and the Franciscan Missionary Sisters of the Sacred Heart.
Plaintiff commenced this action on February 7, 2022. The Archdiocese filed the instant motion to dismiss on July 7, 2022, contending the CVA window had closed on August 14, 2021, rendering Plaintiff's action untimely. Plaintiff submitted opposition on October 11 and 24, 2022, contending that COVID-19 executive orders validly tolled the statutory limitations period and that, alternatively, the complaint states viable claims under the GMVPL.
ARGUMENTS
The Archdiocese argues that CPLR § 214-g, as amended, opened a revival window for child sexual abuse survivors, but that window closed on August 14, 2021. They contend Plaintiff's claim—filed nearly six months later—is time-barred. Relying on decisions such as Matter of M.C. v. State of New York, 74 Misc 3d 682 (Ct. Cl. 2022) and Doe v. Archdiocese of NY, 2022 WL 2047203 (Sup. Ct. NY Cty. 2022), the Archdiocese asserts that the COVID-related tolls did not extend the CVA revival window beyond November 12, 2021. Moreover, it argues that Executive Order 202.29, which specifically extended the CVA window to August 14, 2021, supersedes the general tolling provisions of Executive Orders 202.8 through 202.67.
Additionally, the Archdiocese opposes Plaintiff's attempt to rely on the Victims of Gender-Motivated Violence Protection Law, arguing that the abuse occurred in Peekskill, outside New York City's jurisdiction, and that Plaintiff has not yet amended his complaint to include such a claim.
Plaintiff argues that the COVID-19 executive orders issued by then-Governor Cuomo, beginning with Executive Order 202.8, lawfully tolled the statute of limitations for a total of 228 days. Citing the Appellate Division, Second Department's opinion in Brash v. Richards, 195 AD3d 582 (2d Dept 2021), Plaintiff contends that these executive orders applied universally to procedural deadlines, including those under the CVA. Consequently, the CVA window, which expired on August 14, 2021, was extended by operation of law to March 30, 2022. Since Plaintiff filed his complaint on February 7, 2022, he asserts that his claim is indisputably timely.
Plaintiff further argues that the CVA statute is a statute of limitations within Article 2 of the CPLR, and thus properly subject to tolling provisions. He notes that the legislative history of the CVA extension does not indicate any intent to override or negate the applicability of the general COVID-19 toll. Plaintiff additionally informally requests leave to amend the complaint to add a claim under New York City's GMVPL, citing Breest v. Haggis, 180 AD3d 83 (1st Dept 2019) and Engelman v. Rofe, 194 AD3d 26 (1st Dept 2021), and argues that the gendered nature of the alleged sexual abuse suffices to state a claim under that statute.
DISCUSSION
"On a motion to dismiss a cause of action pursuant to CPLR § 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Benn v Benn, 82 AD3d 548, 548 [1st Dept 2011][quoting Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815, 816 [2d Dept 2008]); see also Gravel v Cicola, 297 AD2d 620 [2d Dept 2002]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has [*3]been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by the defendant" (QK Healthcare, Inc. v InSource, Inc., 108 AD3d 56, 65 [2d Dept 2013]; see MTGLQ Investor, LP v Wozencraft, 172 AD3d 644 [1st Dept 2019]; Epiphany Community Nursery School v Levey, 171 AD3d 1 [1st Dept 2019]; J.A. Lee Elec., Inc. v City of New York, 119 AD3d 652 [2d Dept 2014]). A plaintiff's submissions in response to the motion "must be given their most favorable intendment" (Benn, 82 AD3d at 548, supra quoting Arrington v New York Times Co., 55 NY2d 433, 442 [1982]).
I. Timeliness of Plaintiff's Claims Under the Child Victims Act
Here, the dispositive question before the court is whether Plaintiff's action—filed on February 7, 2022—was timely under the CVA revival window as potentially extended by COVID-19 Executive Orders. In short, the court finds that it was.
When the Legislature enacted the CVA in February 2019, it did not merely insert a new wrinkle into New York's procedural fabric; it effectuated a profound corrective to a perceived long standing injustice. It declared, unequivocally, that "every civil claim or cause of action brought . . . alleging intentional or negligent acts . . . for injury . . . suffered as a result of conduct which would constitute a sexual offense . . . committed against a child less than eighteen years of age" shall be revivable until the victim's fifty fifth birthday, and, moreover, that all such claims previously time barred were to be reinstated during a one year window (see CPLR § 214 g). The Legislature's Joint Sponsor Memo plainly explained that "the one year revival window provides an opportunity for survivors who may have otherwise been barred by New York's draconian civil statute of limitations to have their day in court."
The CVA extended the statute of limitations for the aforementioned claims until August 14, 2021. Then, on March 20, 2020, in response to the public health emergency brought on by the COVID-19 pandemic, Governor Cuomo issued Executive Order No. 202.8. Pertinent here, the order tolled all "specific time limits for the commencement, filing, or service of any legal action... until April 19, 2020" (9 NYCRR 8.202.8). This tolling period was subsequently extended by a series of additional executive orders, the final of which remained in effect through November 3, 2020.
The Archdiocese's position, which would transform a remedial statute into a procedural death knell for survivors who did not file by August 14, 2021, offends the CVA's remedial thrust and the public policy that recognizes the debilitating effects of childhood trauma on one's ability to come forward.
In Brash v. Richards, the Appellate Division, Second Department, unambiguously held that the COVID-19 executive orders issued by Governor Cuomo constituted a toll of the statutory time limits to commence legal actions—not merely a suspension. Executive Order 202.8, and its progeny, tolled all procedural deadlines from March 20, 2020, through November 3, 2020—a period of 228 days. Numerous courts have applied this toll uniformly to all statutes of limitations, including the CVA (see McLaughlin v. Snowlift, Inc., 71 Misc 3d 1226(A) [Sup. Ct. Kings Cty. 2021]); Foy v. State of New York, 71 Misc 3d 605 [Ct. Cl. 2021]; Vivar v. Bsrep UA River Crossing LLC, 2021 WL 5014488 [Sup. Ct. NY Cty. 2021]).
Moreover, the Appellate Division, First Department, has endorsed Brash in Murphy v. Harris, holding that the same executive orders constitute a toll of the filing deadlines applicable to litigation in New York courts and require exclusion of the 228 day period from the limitations [*4]calculus (210 AD3d 559, 561 [1st Dept 2022]). Likewise, the Appellate Division, Third Department, in Matter of Roach v. Cornell Univ., reaffirmed that the Governor's emergency powers under Executive Law § 29 a extend to "alter[ing] or modif[ying] the requirements of a statute" by tolling its time limitations (207 AD3d 931, 933 [3d Dept 202]).
The Archdiocese's attempt to confine that toll to only ninety days post extension (i.e., August—November 2020) misunderstands both the text of the executive orders and their uniform judicial construction. Not one of those orders excludes CVA actions; on the contrary, their expansive language—"any specific time limit for the commencement . . . of any legal action"—embraces every statute of limitations. To read otherwise would be to rewrite them. Furthermore, to carve out revival statutes like § 214 g from a universal toll would undermine the very purpose of the CVA: to overcome the unfairness of delayed reporting by victims whose trauma often renders them unable to sue promptly.
Indeed, contrary to Defendant's contention, the fact that the Legislature later extended the CVA window to August 14, 2021, does not imply an intent to negate the concurrent effect of COVID-related tolls.[FN1]
The legislative history clearly articulates that the extension was enacted to allow more survivors to come forward—not to preempt the COVID toll. The two mechanisms—statutory extension and executive tolling—operate in tandem, not opposition. Indeed, the executive orders applied to "any specific time limit for the commencement, filing, or service of any legal action," a breadth plainly inclusive of revival actions under CPLR § 214-g.
Without tolling, Plaintiff's last day to file under the CVA extension would have been August 14, 2021. Adding the 228 day COVID toll produces an effective deadline of March 30, 2022. Plaintiff filed on February 7, 2022—nearly seven weeks before that date. Consequently, adding the 228-day toll to the August 14, 2021 deadline results in a new effective deadline of March 30, 2022. Plaintiff's filing on February 7, 2022 falls comfortably within this period. This conclusion is reinforced by the strong public policy underpinning the CVA: to provide long-denied redress to alleged survivors of childhood sexual abuse. Courts must not construe procedural doctrines in ways that foreclose justice without compelling textual or precedential command. The Archdiocese's motion, if granted, would erect a barrier directly at odds with New York's legislative and judicial commitment to ensure that claims of childhood sexual abuse are heard, not silently erased by clock watching.
II. Plaintiff's Potential Claim Under the Gender-Motivated Violence Protection Law
Plaintiff also seeks to preserve his right to assert a claim under the Victims of Gender-Motivated Violence Protection Law (GMVPL), NYC Admin. Code § 10-1101 et seq., which, under a 2022 amendment, provides a two-year revival window for civil claims of gender-based violence.
The Appellate Division, First Department, has expressly held that sexual assault, by its nature, constitutes a crime "motivated by gender" (see Breest v. Haggis, 180 AD3d 83, 94 [1st Dept 2019]); Engelman v. Rofe, 194 AD3d 26, 32 [1st Dept 2021]). Animus need not be separately alleged when non-consensual sexual acts are pleaded. Here, Plaintiff describes systematic, coercive sexual abuse committed against him as a minor boy by adult men, conduct that plainly implicates the animating rationale of the GMVPL. While this court agrees that the physical location of the abuse—Peekskill—is beyond the jurisdictional ambit of the NYC Administrative Code, the Plaintiff's argument merits consideration in the event of new factual allegations or if the institutional conduct is shown to have had a meaningful nexus to New York City. While the court declines to grant leave to amend sua sponte, such application may be made by motion and would be entertained on proper papers.
For these reasons, the Archdiocese has not carried its burden to establish a prima facie basis for dismissal. Even assuming arguendo that it had done so, all reasonable inferences drawn in the Plaintiff's favor nonetheless require denial of the Archdiocese's motion. To be sure, this court finds that Plaintiff's action was timely filed under both the CVA extension and the COVID 19 tolling orders; that the Archdiocese's contrary arguments cannot withstand a faithful reading of the governing authorities; and that the policy imperative of deciding alleged survivors' claims on their merits must prevail. Accordingly, the Archdiocese's motion to dismiss is denied.
In reaching this conclusion, the court recognizes that justice is not served by extinguishing potentially meritorious claims of childhood sexual abuse on the basis of contested procedural ambiguities. The statute of limitations, though vital to repose and certainty, is not an instrument of injustice. Here, Plaintiff has brought forward claims alleging harrowing abuse, under a statutory scheme specifically enacted to grant access to courts for such survivors. As such, the court finds that the action was timely filed and must be adjudicated on its merits. Accordingly, it is hereby:
ORDERED that Defendant Archdiocese of New York's motion to dismiss pursuant to CPLR § 3211(a)(5) is DENIED in its entirety; and it is further
ORDERED that Plaintiff may file a motion for leave to amend the complaint within thirty (30) days of the date of this order should he wish to assert claims under the Victims of Gender-Motivated Violence Protection Law.
This constitutes the decision and order of the court.
DATE 4/21/2025
HASA A. KINGO, J.S.C.

Footnotes

Footnote 1:The Archdiocese also contends that Executive Order 202.29— which specifically adjusted the CVA deadline to January 14, 2021—supersedes the general toll. But "where the Legislature grants affirmative tolling or extension periods in a statute, courts should not presume an intent to supplant or negate separate executive emergency powers, absent clear evidence." Courts have declined to read one tolling scheme as cancelling another, particularly where the Legislature was silent on displacing executive authority. That is the case here: the CVA extension made no mention of emergency tolls, and the tolling orders made no exception for revival statutes. To treat them as mutually exclusive would contravene settled principles of statutory construction and equitable tolling—principles that the Appellate Division First, Second, and Third Departments have imported into New York procedure when called for by the public interest in access to justice.