| **John Doe v Combs** |
|:---:|
| 2025 NY Slip Op 32902(U) |
| August 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152014/2025 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: __HON. LESLIE A. STROTH__ PART 12M

*Justice*

--------------------------------------------------------------------------X

JOHN DOE,

Plaintiff,

- v -

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,CE
OPCO LLC D/B/A COMBS GLOBAL F/K/A COMBS
ENTERPRISES LLC,BAD BOY ENTERTAINMENT
HOLDINGS, INC.,BAD BOY PRODUCTIONS HOLDINGS,
INC.,BAD BOY HOLDINGS, INC.,BAD BOY RECORDS
LLC,BAD BOY ENTERTAINMENT LLC,BAD BOY
PRODUCTIONS, LLC,ORGANIZATIONAL DOES 1-10,
INDIVIDUAL DOES 1-10, BAD BOY BOOKS HOLDINGS,
INC

Defendant.

--------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152014/2025 |
| MOTION DATE | 08/04/2025, 08/23/2025, 10/03/2025 |
| MOTION SEQ. NO. | 002 003 004 |

DECISION + ORDER ON
MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 19, 20, 36, 37, 38
were read on this motion to/for _____DISMISSAL_____.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 26, 27, 28, 29, 30, 31, 32, 39, 40, 41
were read on this motion to/for _____DISMISS_____.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 42, 43, 45, 46, 47
were read on this motion to/for _____RENEWAL_____.

## FACTUAL BACKGROUND

Plaintiff, a musician, alleges that he traveled to California in late October 2022 to perform in the Los Angeles area. On November 4, 2022, while performing outside a nightclub, he was allegedly approached by a man claiming to be a talent scout for Defendant Sean Combs. The man invited Plaintiff to what was described as an exclusive birthday party hosted by Combs, and a driver later transported Plaintiff to a private residence.

152014/2025  DOE, JOHN vs. COMBS, SEAN ET AL Page 1 of 8
Motion No.  002 003 004

1 of 8

Plaintiff alleges that, upon arrival, he met Combs, who offered him a drink and discussed potential opportunities in the music industry. Combs then allegedly invited Plaintiff to another room under the pretense of showing him jewelry. Plaintiff claims he began feeling disoriented, believes he was drugged, and that Combs then sexually assaulted him.

The next morning, Plaintiff alleges he was given intravenous fluids by an unknown person and driven back to the nightclub. Plaintiff asserts that he suffered physical and emotional harm and did not report the incident at the time due to Combs' notoriety and influence.

Plaintiff asserts one cause of action for sexual battery pursuant to California Civil Code § 1708.5 against Mr. Combs and the associated business entities Defendants, alleging they enabled or failed to prevent the misconduct.

In Motion Sequence 002, Defendants Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global) f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., and Bad Boy Entertainment LLC, and Bad Boy Productions LLC (collectively, the "Combs Defendants") move to dismiss, alleging that Plaintiff's complaint is untimely and fails to state a cause of action as against those Defendants. In Motion Sequence 003, remaining Defendant Bad Boy Records ("BBRLLC") moves to dismiss Plaintiff's complaint as against BBRLLC asserting that Plaintiffs complaint is refuted by documentary evidence, that it is time-barred and that it fails to state a cause of action.[1] Collectively, all Defendants move on substantially similar grounds in both motions to dismiss the complaint.

---

[1] Additionally, the Court refers to all Defendants besides Mr. Combs collectively as "Company Defendants"

152014/2025  DOE, JOHN vs. COMBS, SEAN ET AL
Motion No.  002 003 004

Page 2 of 8

2 of 8

[* 2]

In Motion Sequence 004, the Combs Defendants move to renew their opposition to Motion Sequence 001, in which the Court granted Plaintiff the ability to proceed anonymously in this action.

## DEFENDANTS' MOTIONS TO DISMISS (MOTION SEQUENCES 002 & 003)

*Standard of Review*

Pursuant to CPLR 3211 (a)(1) "dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." (*Leon v Martinez*, 84 NY2d 83, 88 [1994])

On a CPLR 3211 (a)(5) motion to dismiss, "a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff." *Benn v Benn*, 82 AD3d 548, 548 (1st Dept 2011) (internal quotation marks and citation omitted). Upon such a showing, "the burden shift[s] to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether it actually commenced the action or interposed the subject cause of action within the applicable limitations period." *Bailey v Peerstate Equity Fund, L.P.*, 126 AD3d 738, 740 (2d Dept 2015) (internal citations omitted). "[P]laintiff's submissions in response to the motion must be given their most favorable intendment." (*Benn*, 82 AD3d at 548 (internal quotation marks and citation omitted)).

Pursuant to CPLR 3211 (a) (7), a party may move to dismiss a claim on the ground that the pleading fails to state a cause of action. Upon such a motion, the Court must accept the facts alleged as true and determine simply whether plaintiff's facts fit within any cognizable legal theory. (*See* CPLR 3026; *Morone v Morone*, 50 NY2d 481 (1980)). The complaint shall be

152014/2025  DOE, JOHN vs. COMBS, SEAN ET AL
Motion No. 002 003 004

Page 3 of 8

[* 3]

liberally construed, and the allegations are given the benefit of every possible favorable inference. (See *Leon v Martinez*, 84 NY2d 83, 87 (1994)).

*Plaintiff's Claims are Timely*

Defendants move to dismiss the Complaint pursuant to CPLR 3211(a)(5), arguing that Plaintiff's sole cause of action for sexual battery is untimely under New York law and must be dismissed pursuant to CPLR 202. Defendants' motion is denied.

CPLR 202, New York's "borrowing statute," provides that when a nonresident plaintiff sues on a cause of action that accrued outside New York, the action must be timely under both the law of New York and the jurisdiction where the cause of action accrued. (*Glob. Fin. Corp. v Triarc Corp.*, 93 N.Y.2d 525, 528 [1999]; *Stuart v Am. Cyanamid Co.*, 158 F.3d 622, 627 [2d Cir 1998].) Plaintiff, a California resident, alleges that the sexual battery occurred in California in 2022. Accordingly, CPLR 202 applies, and the Court must assess the timeliness of the action under both California and New York law.

Under California law, the statute of limitations for civil claims arising from sexual assault is ten years. (*Cal. Civ. Proc. Code § 340.16.*) In addition, California law presently includes a statutory "lookback window" through December 31, 2026 for claims involving sexual assault that would otherwise be time-barred. (*See Sexual Abuse and Cover-Up Accountability Act, AB 2777.*) Plaintiff commenced this action in 2025, less than three years after the alleged 2022 incident. The claim is therefore timely under California law.

The claim is likewise timely under New York law. CPLR 213-c, as amended in 2019, provides that an action to recover damages for physical, psychological, or other injury or condition suffered as a result of conduct that would constitute certain specified sexual offenses "may be commenced... within twenty years." (*CPLR 213-c.*) Courts have applied the amended

152014/2025  DOE, JOHN vs. COMBS, SEAN ET AL
Motion No.  002 003 004

Page 4 of 8

statute prospectively to incidents occurring on or after September 18, 2019. Because the alleged conduct occurred in 2022, the 20-year limitations period under CPLR 213-c applies. Plaintiff's filing in 2025 is thus timely under New York law as well.

Defendants' argument that the Court should apply the one-year statute of limitations for common law battery under CPLR 215(3) is unpersuasive where the alleged conduct, as here, would constitute a criminal sexual offense under New York Penal Law, CPLR 213-c governs. (*Carroll v Trump*, 650 F Supp 3d 213, 220 [SDNY 2023]).

*Failure to State a Claim – Company Defendants*

The Company Defendants move to dismiss the Complaint pursuant to CPLR 3211(a)(7), arguing that Plaintiff fails to state a cognizable cause of action against them under any theory of liability. Specifically, they assert that Plaintiff's claims are impermissibly based on a theory of respondeat superior and that the allegations lack the particularity required by CPLR 3013. Plaintiff opposes the motion, arguing that the Complaint pleads alternative theories of liability and that dismissal at the pleading stage is premature.

"The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment. Pursuant to this doctrine, under both New York and California law, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (*Judith M. v. Sisters of Charity Hosp.*, 93 N.Y.2d 932 (1999); *Lisa M. v Henry Mayo Newhall Mem. Hosp.*, 12 Cal 4th 291, 296, 907 P2d 358, 360 [1995]).

It is well-settled that sexual assault and other forms of sexual misconduct are personal in nature and are therefore not acts within the scope of employment. (*See Spielman v. Carrino;* 77

152014/2025  DOE, JOHN vs. COMBS, SEAN ET AL
Motion No.  002 003 004

Page 5 of 8

[* 5]

A.D.3d 816 [2nd Dept 2010]; *Juarez v Boy Scouts of Am., Inc.*, 81 Cal App 4th 377, 393, 97 Cal Rptr 2d 12, 23 [Cal Ct App 2000]).

However, dismissal of the claims against the Company Defendants in their entirety is not warranted. The Complaint alleges that Defendant Combs used his affiliated companies, including the Company Defendants, to facilitate his predatory conduct, and that those entities enabled and failed to prevent the assault through a lack of supervision, failure to adopt protective policies, or willful blindness to a pattern of misconduct. These allegations are sufficient, at this early stage, to support potential theories of liability including negligent supervision, failure to protect, and enabling tortious conduct.

Plaintiff further alleges that the corporate entities were created and operated by Combs to support his broader enterprise and that the use of the "Bad Boy" brand served as the basis for luring Plaintiff into the setting where the assault occurred. The question of whether any of the Company Defendants played a role in organizing, endorsing, or profiting from the event in question is one of fact. As such, dismissal is premature prior to discovery. (*see Cortlandt St. Recovery Corp. v Bonderman*, 31 NY3d 30, 49 [2018]).

*Group Pleading*

The Court also declines to dismiss the Complaint on the ground of "group pleading." While the Company Defendants argue that Plaintiff fails to differentiate among the individual corporate entities, group allegations are not fatal where, as here, the Complaint alleges a course of conduct involving overlapping ownership and branding, and the identity of responsible parties may be clarified through discovery. (*see Pludeman v N. Leasing Sys., Inc.*, 10 NY3d 486 [2008]) The use of collective references to "Combs Business" and "Company Defendants" is not, at this

152014/2025   DOE, JOHN vs. COMBS, SEAN ET AL
Motion No.  002 003 004

Page 6 of 8

6 of 8

[* 6]

stage, a basis for dismissal where the allegations provide sufficient notice of the claims asserted and the conduct challenged.

Accordingly, Defendants have not made a prima facie case that Plaintiff's complaint should be dismissed at this early stage of the litigation.

### COMBS DEFENDANTS' MOTION FOR RENEWAL (MOTION SEQUENCE 004)

The Combs Defendants move pursuant to CPLR 2221(e) to renew their opposition to Plaintiff's previously granted motion for anonymity in Motion Sequence 001, and upon renewal, to vacate the prior order and deny that motion.

"A motion for leave to renew or reargue is addressed to the sound discretion of the Supreme Court. A motion for renewal 'shall be based upon new facts not offered on the prior motion that would change the prior determination' (CPLR 2221 [e] [2])" (*HSBC Bank USA, N.A. v. Halls*, 98 A.D.3d 718 [2nd Dept 2012]).

The Combs Defendants point the court to decisions in which this Court has issued materially identical decisions in related cases rejecting anonymity motions on the grounds that those motions for anonymity were unsupported by admissible evidence. Specifically, the Court points to Index Numbers 152013/2025, 152015/2025, and 152017/2025. In those decisions, the Court denied anonymity based on the absence of an affirmation or affidavit in admissible form, compliant with CPLR 2106. In each instance, the Court denied the motion for anonymity where the supporting declaration did not include the language required by CPLR 2106 and was therefore inadmissible.

The same defect is present here. Plaintiff's Anonymity Motion is supported solely by a declaration that does not contain the required statutory language under CPLR 2106 and is

152014/2025   DOE, JOHN vs. COMBS, SEAN ET AL
Motion No.  002 003 004

Page 7 of 8

therefore inadmissible. As such, this case is legally indistinguishable from those decided by this Court on May 12, 2025. Defendants could not have raised this authority in their opposition, which was filed in March 2025, prior to the Court's intervening decisions. These clarifying rulings constitute a change in decisional law sufficient to warrant renewal under CPLR 2221(e).

Accordingly, the Court grants the Combs Defendants motion for renewal, and upon renewal Plaintiff's motion for anonymity is denied without prejudice to renew within 30 days.

The court has considered the remaining arguments and finds such unavailing.

Accordingly; it is hereby

ORDERED that Motions 002 and 003 to dismiss the complaint are denied; and it is further

ORDERED that Motion 004 for renewal is granted; and it is further

ORDERED that upon renewal, Plaintiff's motion for anonymity is denied without prejudice to renew within 30 days; and it is further

ORDERED that Plaintiff must proceed by Plaintiff's legal name for the remainder of this action;

The foregoing constitutes the decision and order of the Court.

| 8/18/2025 | | | | HON. LESLIE A. STROTH |
|-----------|---|---|---|------------------------|
| DATE | | | | LESLIE STROTH, J.S.C. |
| | | | | J.S.C. |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
|------------|---|---------------|---|------------------------|
| | | GRANTED | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

152014/2025 DOE, JOHN vs. COMBS, SEAN ET AL Page 8 of 8
Motion No. 002 003 004

8 of 8

[* 8]