| |
|---|
| **1200 AOA Realty, LLC v 1200 AOA Realty Assoc., LLC** |
| 2026 NY Slip Op 31048(U) |
| March 16, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 650332/2025 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** **HON. LESLIE A. STROTH** | **PART** | **12M** |
| *Justice* | | |

-----------------------------------------------------------------X

1200 AOA REALTY, LLC,

                     Plaintiff,

                - v -

1200 AOA REALTY ASSOCIATES, LLC, THE REALTY
ASSOCIATES FUND XI PORTFOLIO, LP, THE REALTY
ASSOCIATES FUND XI, LP, REALTY ASSOCIATES FUND
XI, LLC

                   Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650332/2025 |
| **MOTION DATE** | 09/17/2025, 09/15/2025 |
| **MOTION SEQ. NO.** | 003 004 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 003) 29, 30, 31, 32, 33, 34, 35, 37, 38

were read on this motion to/for                  **SEAL**           .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 21, 22, 23, 24, 25, 26, 27, 28, 36, 39, 40

were read on this motion to/for                **DISMISSAL**          .

     Plaintiff entered into a Purchase and Sale Agreement ("PSA," NYSCEF Doc. No. 31) with Defendants for the sale of real property located at 1200 Avenue of the Americas, New York New York. Plaintiff states that the PSA provided that Defendants would pay all electric bills and other operating expenses allocable to the period prior to closing, have all utility meters read as of closing, and delivery copies of all service and maintenance contracts. Plaintiff also alleges that Defendants represented that these, and other contractual covenants, would be true and correct as of closing, agreeing to reimburse Plaintiff for reasonable enforcement expenses to include attorneys' fees.

     At closing, Plaintiff alleges that it learned of longstanding electrical issues at the Property, including problems with the electrical meters, incomplete remediation work under

[* 1]

prior contracts with an electrical contractor, and an outstanding contractor balance of approximately $33,000. Defendants allegedly assured Plaintiff that all electrical problems would be remediated, and the parties entered into an Escrow Agreement, in which Defendant Realty Associates Fund XI Portfolio, L.P. agreed to deposit $50,000 for the cost of certain electrical work. Plaintiff alleges that the work was later estimated to cost more than $298,500, that an unpaid balance for electricity had been owed by Defendants to Con Edison for over four years, and that Defendants' contractor failed to properly set up or finalize electrical meters, resulting in improper "stealing" of electricity from Con Edison.

Based on the above, Plaintiff asserts causes of action for breach of contract, promissory estoppel, unjust enrichment, and fraud. In Motion Sequence 003, Defendants move to seal the PSA under 22 NYCRR 216.1. In Motion Sequence 004, Defendants move to dismiss Plaintiff's complaint under CPLR § 3211. For the reasons outlined below, the Court denies Motion Sequences 003 in its entirety, and partially grants Motion Sequence 004.

I.      Motion Sequence 003

In Motion Sequence 003, Defendants move to seal the PSA pursuant to 22 NYCRR 216.1, which requires a "written finding of good cause, which shall specify the grounds" for sealing. Pursuant to the statute, the Court is to "consider the interests of the public as well as of the parties" in determining whether or not to seal any documents.

The right of the public to access proceedings and court records is "beyond dispute," and the First Department only authorizes sealing "in strictly limited circumstances" (*Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V.*, 28 AD3d 322, 324-25 [1st Dept 2006] [internal quotations and citations omitted]). A movant's burden to establish good cause to seal is a "substantial" one, as there is a "constitutional presumption, arising from the First and Sixth Amendments, as a

[* 2]

applied to the States by the Fourteenth Amendment, that both the public and the press are generally entitled to have access to court proceedings" (*Mosallem v Berenson*, 76 AD3d 345, 348-49 [1st Dept 2010]).

Defendants aver that the PSA contains "sensitive commercial terms and other confidential business information that is not publicly known or readily available" which, if made publicly available, "could potentially harm the legitimate business interests of the parties involved" (NYSCEF Doc. No. 30). Moreover, the PSA § 15.1 itself states that "the terms, conditions and negotiations concerning the same shall be held in the strictest confidence" (NYSCEF Doc. No. 31). Plaintiff consents to Defendants' motion, as shown by email correspondence (NYSCEF Doc. No. 33).

While a prior application was made to seal the PSA, the application was denied for failure to attach the PSA. Now that Defendants have attached the PSA (Exhibit A, NYSCEF Doc. No. 31), neither party makes clear which commercial terms are sensitive, or which terms are considered confidential business information. Nor is any reason provided as to why such terms should be considered confidential. Without more, the Court is unable to determine whether the reasons for sealing can overcome the right of the public to access court records. As such, Defendants' motion to seal is denied.

II.     Motion Sequence 004

In Motion Sequence 004, Defendants move to dismiss Plaintiff's complaint pursuant to CPLR §§ 3211(a)(1), (a)(5), and (a)(7). Defendants argue that the breach of contract claims fail because: the Fund XI Defendants are not parties to the PSA; the PSA contains a provision that time-bars Plaintiff's claims; and because the PSA notes that the property was sold in "as is"

[* 3]

condition. Defendants also argue that Plaintiff's claims of promissory estoppel, unjust enrichment, and fraud are duplicative of the breach of contract claims.

## LEGAL STANDARD

Pursuant to CPLR 3211 (a)(1) "dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." (*Leon v Martinez*, 84 NY2d 83, 88 [1994]).

On a CPLR 3211 (a)(5) motion to dismiss, "a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff" (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011] [internal quotation marks and citation omitted]). Upon such a showing, "the burden shift[s] to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether it actually commenced the action or interposed the subject cause of action within the applicable limitations period." (*Bailey v Peer state Equity Fund, L.P.*, 126 AD3d 738, 740 [2d Dept 2015] [internal citations omitted]). "[P]laintiff's submissions in response to the motion must be given their most favorable intendment." (*Benn*, 82 AD3d at 548 [internal quotation marks and citation omitted]).

Pursuant to CPLR 3211 (a)(7), a party may move to dismiss a claim on the ground that the pleading fails to state a cause of action. Upon such a motion, the Court must accept the facts alleged as true and determine simply whether plaintiff's facts fit within any cognizable legal theory. (*See* CPLR 3026; *Morone v Morone*, 50 NY2d 481 [1980]). The complaint shall be liberally construed, and the allegations are given the benefit of every possible favorable inference. (See *Leon v Martinez*, 84 NY2d 83, 87 [1994]).

[* 4]

# DISCUSSION

### i.  *Fund XI Defendants*

Defendants argue that the complaint should be dismissed against the "Fund XI Defendants because they are not a party to the PSA. The "Fund XI" Defendants are: The Realty Associates Fund XI Portfolio, LP; The Realty Associates Fund XI, LP; and Realty Associates Fund XI, LLC.

Defendants argue that "[t]he Fund XI Defendants are affiliated entities that indirectly own 1200 AOA, but have no contractual relationship with Plaintiff or any involvement in the sale of the Property" (NYSCEF Doc. No. 28 at 14). Defendants also argue that the PSA expressly limits liability in § 16.15, which reads:

> The obligations of Seller are binding only on Seller's interest in the Property and shall not be personally binding upon, nor shall any resort be had to, any other assets of Seller nor the private properties of any of the partners, officers, directors, shareholders or beneficiaries of Seller, or of any partners, officers, directors, shareholders or beneficiaries of any partners of Seller, or of any of Seller's employees or agents." Plaintiff counters that all of the named Defendants are parties to the PSA.

The PSA defines "Seller" as 1200 AOA Realty Associates, LLC (NYSCEF Doc. No. 31 at 3).

Plaintiff argues that the PSA was signed on behalf of all named Defendants based on the Fund XI entities' affiliation with Seller 1200 AOA Realty Associates, LLC, and because the PSA does not identify 1200 AOA Realty Associates, LLC as the sole seller and signatory. Plaintiff also argues that Defendants fail to offer documentary proof to support that the Fund XI entities had no contractual relationship with Plaintiff (NYSCEF Doc. No. 39 at 28).

In considering the language of the PSA, the Court finds that § 16.15 is clear that Seller's obligations only apply to 1200 AOA Realty Associates, LLC, given that Seller is explicitly defined. The Escrow Agreement, however, is in contradiction of the PSA. The "Seller" on the

[* 5]

Escrow Agreement is named "The Realty Associates Fund XI Portfolio, L.P." (NYSCEF Doc. No. 25). Moreover, Defendants' signature is the same on both the PSA and the Escrow Agreement, with the same individual signing for 1200 AOA Realty Associates, LLC, and The Realty Associates Fund XI Portfolio, L.P., respectively. Therefore, Defendants' motion to dismiss is denied as to Plaintiff's breach of contract claims against the Fund XI entities, because Defendants have failed to demonstrate that 1200 AOA Realty Associates, LLC is the only relevant Defendant to this contract as a matter of law.

    *ii.      Plaintiff's breach of contract claims*

Defendants argue that Plaintiff's breach of contract claims are time-barred under the terms of the PSA, which required litigation regarding "Seller representation[s] and warrant[ies]" to start on or before September 30, 2023 (NYSCEF Doc. No. 31 § 7.4). Plaintiff counters that their breach of contract claims are not "premised upon any warranty or representation of the defendants" (NYSCEF Doc. No. 39 at 11).

Based on the language of the PSA, the Court finds that Plaintiff's breach of contract claims are not time-barred because they do not stem from Defendants' representations and warranties. The PSA expressly describes the "Representations and Warranties of the Seller" in Article VII; whereas Plaintiff's claims stem from outside this Article. Namely, Plaintiff's claims stem from the "Utilities" section of Article IV, and the "Prevailing Party" section of Article XVI.

Defendants also allege that Plaintiff knew of the issues that give rise to the breach of contract claim before he bought the property, which was sold in "as is" condition. Defendants state that because Plaintiff discovered the electrical issues prior to closing, Plaintiff was limited by PSA § 7.3, where closing without raising the issue means "Seller shall have no further liability as to such matter thereafter." Plaintiff avers that the "as is" clause is limited to the

physical conditions of the property, not his claims; and that the Escrow Agreement supersedes the limitations of PSA § 7.3.

The Escrow Agreement states that its purpose is "to cover the costs to complete the electrical work need to replace certain electrical meters" in the amount of $50,000 (NYSCEF Doc. No 25, [typos retained]). It can be inferred that the Escrow Agreement at the very least, supplements the "Utilities" section of the PSA, requiring the Seller Defendants to perform certain work. Given that Plaintiff's claim is specifically related to neglected electrical work and related contractual terms, the Court finds that Defendants have failed to meet the burden for dismissal, as it would be improper to find that Defendants have no obligation to perform, as a matter of law, remedial action regarding Plaintiff's claims. Therefore, Defendants' motion to dismiss as to Plaintiff's breach of contract claims is denied.

*iii.*      *Plaintiff's second, third, and fourth causes of action*

Defendants move to dismiss Plaintiff's second, third, and fourth causes of action—promissory estoppel, unjust enrichment, and fraud, respectively—arguing that they are all duplicative of Plaintiff's breach of contract claim. The First Department has recognized that "promissory estoppel, unjust enrichment and fraud are precluded by the fact that a simple breach of contract claim may not be considered a tort unless a legal duty independent of the contract… has been violated" (*Brown v Brown*, 12 AD3d 176, 176 [1st Dept 2004]).

Plaintiff's promissory estoppel claim is premised upon Plaintiff's reliance on Defendants' promises to acquire an electrical contractor, and pay the electric bills and other operating expenses prior to closing (Complaint, NYSCEF Doc. No. 1 ¶¶ 48-58). As a result of this promise having gone undelivered, Plaintiff alleges injuries in the form of outstanding Con Edison bills that Defendant was to pay, unread utility meters, and continued electrical problems. In addition,

Plaintiff's unjust enrichment claim merely states that Defendants have been unjustly enriched as a result of this conduct (*id.*, ¶¶ 59-62).

Plaintiff's promissory estoppel and unjust enrichment claims arise from the same violations are also plead in the claim for breach of contract. Given that there is no duty, independent of the contract, that Plaintiff claims the Defendants breached in the promissory estoppel and unjust enrichment claims, they must be dismissed as duplicative of the breach of contract claim. The Court therefore partially grants Defendants' motion to dismiss Plaintiff's promissory estoppel and unjust enrichment claims as duplicative of the breach of contract claim.

Plaintiff's fraud claim alleges that the Defendants fraudulently induced Plaintiff to sign the PSA, arguing that Defendants intended to deceive Plaintiff by misrepresenting their intent to pay the electric bills and other operating expenses, among other terms relating to electrical work and utility meters (*id.*, ¶¶ 63-76, and 81-86). Only Plaintiff's Complaint, ¶¶ 77-80, allege fraud on the part of Defendants that is separate from the electrical and utility arguments (specifically, regarding Defendants' default under any other contract; Defendants' having received written notice of default under any contract; and Defendants' notice of laws, rules, and regulations violations). Given that Plaintiff's complaint ¶¶ 77-80 are independent of the allegations regarding Defendants' breach of the PSA's utility provisions, they must survive. Therefore, Defendnats' motion to dismiss Plaintiff's claim of fraud is denied.

Defendants argue that they are entitled to attorneys' fees based on fee shifting provision in the PSA. While the PSA does allow for a prevailing party to recover attorneys' fees (NYSCEF Doc. No. 31 at § 16.16), this action is continuing, and Defendants are not a prevailing party. As such, Defendants' motion for attorneys' fees is denied.

Accordingly, it is hereby

650332/2025 1200 AOA REALTY, LLC vs. 1200 AOA REALTY ASSOCIATES, LLC ET AL    Page 8 of 9
Motion No. 003 004

[* 8]

ORDERED that Defendants' Motion to Seal the Purchase Sale Agreement is denied, and it is further

ORDERED that Defendants' Motion to Dismiss Plaintiff's complaint is denied as to Defendants The Realty Associates Fund XI Portfolio, LP; The Realty Associates Fund XI, LP; and Realty Associates Fund XI, LLC, and it is further

ORDERED that Defendants' Motion to Dismiss Plaintiff's breach of contract claims is denied, and it is further

ORDERED that Defendants' Motion to Dismiss Plaintiff's promissory estoppel and unjust enrichment claims is granted, and it is further

ORDERED that Defendants' Motion to Dismiss Plaintiff's fraud claims is denied.

The foregoing constitutes the decision and order of the Court.

| **3/16/2026** | | | |
| DATE | | | LESLIE A. STROTH, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 9]